Kathleen PEDERSON, Claimant
and Appellee,

v.

NORTH DAKOTA WORKERS
COMPENSATION BUREAU,
Appellant.

Civ. No. 950039.

Supreme Court of North Dakota.

July 27, 1995.

Ken R. Sorenson, Asst. Atty. Gen., Bismarck, for appellant.

Neil W. Fleming of Fleming, DuBois & Trenbeath, Cavalier, for claimant and appellee.

SANDSTROM, Justice.

The North Dakota Workers Compensation Bureau appeals from a district court judgment reversing the bureau's denial of benefits to Kathleen Pederson. The bureau argues the appeal was not perfected because Pederson did not timely serve a notice of appeal on her employer. We hold the district court lacked subject-matter jurisdiction over the appeal, reverse its judgment, and order the appeal from the bureau's order dismissed.

I

Kathleen Pederson applied for worker's compensation benefits on August 23, 1991. Pederson claimed to have suffered a work-related injury in the course of her employment. On February 16, 1993, the bureau issued an order dismissing the claim because the injuries were not causally related to her employment. Pederson timely requested a formal administrative hearing.

A formal hearing was held September 15, 1993. Present at the hearing were representatives of the bureau, of Pederson, and of her employer. On March 2, 1994, the hearing officer issued findings of fact, conclusions of law, and order dismissing the claim.

On March 4, 1994, Pederson served a notice of appeal and specifications of error on the bureau and the assistant attorney general representing the bureau. The employer was not named as an appellee and was not served with a notice of appeal. The bureau

raised the failure to serve the employer in its briefings before the district court. Pederson then attempted to serve her employer with a notice of appeal on June 15, 1994.

The district court reversed the bureau's denial of benefits. The bureau appeals the district court's judgment awarding Pederson benefits.

This Court has jurisdiction to hear the appeal under Art. VI, § 6, N.D. Const., and N.D.C.C. § 28–32–21. The appeal was timely under Rule 4(a), N.D.R.App.P., and N.D.C.C. § 28–32–21.

## II

Pederson concedes she failed to timely serve her employer with a notice of appeal, but argues the employer did not need to be served. She contends her employer was not a party before the administrative hearing.

■ For a court to have subject-matter jurisdiction over an appeal, the appellant must satisfy the statutory requirements for perfecting the appeal. *MacDonald v. Commission on Medical Competency*, 492 N.W.2d 94, 96 (N.D.1992). An appeal from a bureau's decision is governed by N.D.C.C. §§ 65–10–01 and 28–32–15. *Westman v. North Dakota Workers Comp. Bureau*, 459 N.W.2d 540, 541 (N.D.1990). N.D.C.C. § 28–32–15 provides the manner for an appeal to be taken:

> "An appeal shall be taken by serving a notice of appeal and specifications of error specifying the grounds on which the appeal is taken, upon the administrative agency concerned, upon the attorney general or an assistant attorney general, and *upon all the parties to the proceeding before the administrative agency,* and by filing the notice of appeal and specifications of error together with proof of service of the notice of appeal, and the undertaking required by this section, with the clerk of the district court to which the appeal is taken."

N.D.C.C. § 28–32–15(4) (emphasis added). The appeal must be taken within thirty days of the agency's final decision. N.D.C.C. § 28–32–15(1).

Pederson argues her employer was not a "party" so it was not necessary to serve it

with a notice of appeal. A "party," as used in N.D.C.C. § 28–32–15, is "each person named or admitted as a party, or properly seeking and entitled as of right to be admitted as a party." N.D.C.C. § 28–32–01(8). The agency and all parties of record have the right to participate in the appeal. N.D.C.C. § 28–32–15(5). This Court has construed "parties" under N.D.C.C. § 28–32–15 to mean a real party in interest as well as an adverse party. *Reliance Ins. Co. v. Public Service Commission*, 250 N.W.2d 918, 926 (N.D.1977).

The legislature has recognized the employer's status as an interested party. N.D.C.C. § 65–10–01 (specifically providing that *both* the employee *and* the employer may appeal from a bureau decision).

■ "[A]ny person who is directly interested in the proceedings before an administrative agency who may be factually aggrieved by the decision of the agency, and who participates in the proceeding before such agency, is a 'party' to any proceedings for the purposes of taking an appeal from the decision." *Application of Bank of Rhame*, 231 N.W.2d 801, 808 (N.D.1975). The party is an adverse party if its interests would be prejudicially affected by modification or reversal, regardless whether the party appeared as plaintiff, defendant, or intervenor. *Reliance Ins. Co.* at 927.

■ Pederson concedes her employer has an economic interest in the outcome of the appeal. A representative of the employer appeared at the administrative hearing and was noted in the record. The bureau served its order on both the employee and employer. As evident from the district court's award of benefits, the employer was factually aggrieved and prejudicially affected by the outcome of the appeal. We conclude the employer was a party for purposes of N.D.C.C. § 28–32–15, and entitled to the notice of appeal.

Because Pederson did not timely notify her employer of the appeal, the district court lacked subject-matter jurisdiction to hear the appeal. *Reliable, Inc. v. Stutsman County Commission*, 409 N.W.2d 632, 634 (N.D. 1987).

## III

We reverse the district court and order the appeal from the bureau's order dismissed.

VANDE WALLE, C.J., and NEUMANN and LEVINE, JJ., concur.

MESCHKE, J., concurs in the result.