**S & S LANDSCAPING COMPANY,**
Respondent and Appellant,

v.

**NORTH DAKOTA WORKERS'
COMPENSATION BUREAU,**
Appellee

and

**Troy D. Vise, Claimant and Appellee.**

Civ. No. 940378.

Supreme Court of North Dakota.

Nov. 30, 1995.

Rehearings Denied Dec. 29,
1995 and Jan. 30, 1996.

David Sholy, pro se, Fargo, respondent and appellant.

H. Malcolm Pippin, Special Assistant Attorney General, of Nilles, Hansen & Davies, Ltd., Fargo, for appellee.

Mike Miller, of Solberg, Stewart, Miller & Johnson, Fargo, for claimant and appellee.

LEVINE, Justice.

S & S Landscaping Company, Inc. (S & S), appeals from a district court judgment affirming a North Dakota Workers' Compensation Bureau (Bureau) order awarding benefits to Troy D. Vise, a former S & S employee. We affirm.

Vise worked as a mechanic for S & S. He filed a claim with the Bureau on June 9, 1992, for a back injury suffered at work on June 2, 1992. S & S filed a formal protest to the claim. After reviewing Vise's file, the Bureau concluded that Vise had suffered an injury at work and was entitled to payment of medical expenses related to the injury. The Bureau issued an order awarding Vise medical benefits.

S & S requested a hearing, which was held March 19, 1993. Following the hearing, the Bureau affirmed its prior order. S & S appealed and the district court affirmed the Bureau order. S & S then appealed to this court.[1]

1. S & S was barred from participating in oral arguments before this court as a sanction for

On appeal, S & S argues that the Bureau's award of benefits to Vise should be reversed because the facts do not support it. We review the decision of the Bureau, not the district court. *Effertz v. N.D. Workers' Comp. Bureau,* 481 N.W.2d 218 (N.D.1992). When a party challenges the Bureau's findings of fact, we will affirm the Bureau unless its findings are not supported by a preponderance of the evidence. *Kuklok v. N.D. Workers' Comp. Bureau,* 492 N.W.2d 572 (N.D.1992). To determine if there is a preponderance of evidence, we ask whether a reasoning mind could reasonably determine that the greater weight of the evidence supports the Bureau's factual conclusions. *Schaefer v. N.D. Workers Comp. Bureau,* 462 N.W.2d 179 (N.D.1990).

At the hearing, Vise testified that he had been injured at work. He presented the testimony of two witnesses in support of his claim and pointed out medical evidence in the record which showed he had been injured. S & S introduced testimony and written statements challenging Vise's claim and his credibility. Vise was the only person to testify as to the actual circumstances of the injury. On review of the record, it is apparent that the Bureau gave credit to Vise's testimony. We will not substitute our judgment for that of the Bureau in evaluating the credibility of witnesses. *Id.* Here, a reasoning mind could reasonably determine that the greater weight of the evidence supported the Bureau's conclusion that Vise sustained an injury at work and that he was entitled to payment of medical expenses resulting from the injury.

S & S next argues that the Bureau and its attorney, Assistant Attorney General Andrew Moraghan, improperly took an adversarial position against S & S throughout the proceedings. S & S's underlying complaint is that the Bureau was "judge, jury, and prosecutor" throughout the proceeding and that this "stacked [the] deck" against S & S.

Workers' compensation proceedings take place in an administrative arena, and are subject to different rules than judicial proceedings. NDCC § 65–02–11. The Bureau oversees its own proceedings, and is also similar to a party to these proceedings. *See id.* Because the Bureau, in its proceedings, takes a position (similar to a party) and evaluates the arguments of all the parties (as a judge), it does act as judge and jury. But, a party is not denied a fair hearing "merely because an administrative agency performs all three functions of investigation, prosecution, and adjudication." *Meadow Fresh Farms, Inc. v. Sandstrom,* 333 N.W.2d 780, 784 (N.D.1983). The legislature has responded to the specter of impropriety arising from agencies performing a multiplicity of roles by requiring hearing officers to be removed from any investigative or prosecutorial activities. NDCC § 28–32–12.2 [effective July 1, 1991]. But there is no statutory prohibition against the Bureau advocating a position and resolving disputes. *See* NDCC § 54–57–03(1) [exempting Bureau from the requirement that administrative hearings be conducted by independent agency]. It was not improper for the Bureau, in this case, to advocate a position and to judge the competing claims of the parties.

The Bureau, like other administrative agencies, is not free to use its power arbitrarily to decide the matters before it. *See Steele v. N.D. Workmen's Comp. Bureau,* 273 N.W.2d 692 (N.D.1978). Workers' compensation claimants, in particular, should be protected from unfair Bureau action. *See Claim of Bromley,* 304 N.W.2d 412 (N.D. 1981) [indicating that the Workers' Compensation Act should be construed to extend benefits to all who qualify]; *Steele,* 273 N.W.2d at 702 [stating that "the Bureau should not place itself in a true or full adversary position to the claimant."]. Because the Bureau "acts in a quasi-judicial capacity," it is charged with "the proper, fair, and just determination of any claim submitted." *Steele,* 273 N.W.2d at 702. In cases where there is a dispute of material facts, the Bu-

failure to comply with the North Dakota Rules of Appellate Procedure. S & S submitted a brief that did not comply with Rule 28(g), NDRAppP, and failed to submit an appendix as required by

Rule 30, NDRAppP. S & S also failed to correct these problems when given the opportunity by this court.

reau must provide parties a formal hearing. *Id.* at 701. Statutes and regulations codify this hearing requirement. NDCC § 65–01–14(4); NDAC § 92–01–02–04. In determining whether the Bureau "stacked [the] deck" against S & S in this proceeding, we must focus on whether S & S received a fair hearing.

■ Our law requires that Bureau hearings be conducted according to the due process and fair hearing ground rules set out in our Administrative Agencies Practice Act (AAPA). NDCC ch. 28–32; *Steele,* 273 N.W.2d at 701. The AAPA requires the Bureau to give notice of its hearings. NDCC § 28–32–05. It outlines what evidence can be presented at the hearing, and what evidence can be considered in reaching decisions. NDCC §§ 28–32–06, 28–32–07. It also provides for hearing officers to oversee hearings. NDCC § 28–32–08.1(6). Hearing officers may not have served as investigators or prosecutors in contested cases that come before them. NDCC § 28–32–12.2. Hearing officers may be disqualified for cause, with exceptions not relevant here. NDCC § 28–32–08.1.

■ Here, the Bureau performed its quasi-judicial role according to law. S & S received notice of the hearing and information about what the other parties would argue. At the hearing, S & S was given a chance to present witnesses and evidence to support its position. After the hearing, the evidence presented was evaluated by a hearing officer who had not been involved in the development of the Bureau's case. S & S has not presented any evidence or argument suggesting that the hearing officer was not impartial. The hearing was conducted according to AAPA requirements.

S & S insists that the Bureau did not treat it fairly because the Bureau was slow in delivering discovery information, which impeded S & S's ability to present its case fully at the hearing. S & S claims that the Bureau's attorney worked against S & S at the hearing by developing Vise's case, attacking S & S's exhibits, and objecting to S & S's questions. S & S also claims that the Bureau showed its support of Vise by paying one of his witnesses to testify and by moving to dismiss S & S's appeal of the Bureau decision. We deal with these allegations in turn.

■ The Bureau was slow in delivering discovery information. S & S reported this problem to the hearing officer on March 10, 1993. Upon being informed of the complaint, Moraghan faxed the requested information to S & S. S & S received the requested information before the hearing. S & S did not request a continuance because of the Bureau's delay in delivering the information, or object to the delay at the hearing. Instead, after the hearing, S & S complained of the delay in letters to various state officials. Because S & S did not raise the issue in the administrative proceedings we cannot consider it here. *See Claim of Vail,* 522 N.W.2d 480 (N.D.1994).

■ Moraghan vigorously interrogated Vise and his witnesses during the hearing. Nothing indicates, however, that Moraghan was acting as Vise's representative: he was the Bureau's representative. Similar to a party to the proceeding, the Bureau had a right to legal representation. NDAC § 92–01–02–11; NDCC § 65–01–12. The Bureau took the position, in its initial order awarding benefits, that Vise should receive medical benefits because of his injury, but was not entitled to disability payments. Moraghan's questions to Vise's witnesses were aimed at eliciting evidence to support the Bureau's position. Such behavior was consistent with Moraghan's role as the Bureau's representative, and was proper.

Moraghan objected to some of S & S's questions at the hearing. He also objected to some of S & S's exhibits. Most of Moraghan's objections challenged the relevance of S & S's questions. Section 28–32–06, NDCC, governs admissibility of evidence in Bureau hearings. NDAC § 92–01–02–06. Section 28–32–06(1) states that admissibility of evidence in administrative hearings "shall be determined in accordance with the North Dakota Rules of Evidence." Section 28–32–06(2) allows hearing officers to exclude irrelevant evidence. In light of these statutory provisions, we find nothing improper in Moraghan's objections. Furthermore, Moraghan

initially objected to the admission of S & S's exhibits because he had not seen the exhibits before the hearing. He withdrew his objection for the sake of expediency, expressing only a concern as to the relevance of one portion of one of S & S's exhibits. Ultimately, the exhibits were admitted. We find nothing improper in Moraghan's objections to S & S's exhibits.

It is true that the Bureau paid one of Vise's witnesses to attend the hearing, and that the Bureau moved to dismiss S & S's appeal. Both these actions, however, were within the Bureau's discretion. Section 28–32–09(6), NDCC, governs the payment of witness fees for administrative proceedings. It does not bar the Bureau's voluntary payments of Vise's witness's fees. The Bureau moved to dismiss S & S's appeal because it questioned whether S & S had served all parties with its notice of appeal. Section 28–32–15(4), NDCC, requires service to all parties when an appeal from an agency decision is taken. *Pederson v. N.D. Workers Comp. Bureau*, 534 N.W.2d 809 (N.D.1995). Accordingly, the Bureau did not act improperly when it moved to dismiss S & S's appeal for failure to serve all parties.

We conclude that the Bureau's decision was supported by a preponderance of the evidence and that the Bureau and its attorney acted properly during this proceeding, and treated S & S fairly.

We affirm.

VANDE WALLE, C.J., and LEVINE, NEUMANN, SANDSTROM and MESCHKE, JJ., concur.