2003 ND 193

**Dudley BENSON, Claimant
and Appellant**

v.

**WORKFORCE SAFETY AND
INSURANCE, Appellee.**

No. 20030155.

Supreme Court of North Dakota.

Dec. 19, 2003.

Dudley Benson, pro se, Grand Forks, N.D., claimant and appellant. Submitted on brief.

Jacqueline S. Anderson, Special Assistant Attorney General, Fargo, N.D., for appellee. Submitted on brief.

VANDE WALLE, Chief Justice.

[¶ 1] Dudley Benson appealed from a district court judgment dismissing his attempted appeal from an order of North Dakota Workforce Safety and Insurance ("WSI") denying medical benefits. We affirm, concluding Benson failed to perfect his attempted appeal and the district court therefore lacked subject matter jurisdiction.

I

[¶ 2] Benson suffered a work-related injury in 1992 and received workers compensation benefits. In 2001, Benson sought medical benefits for hernia surgery, claiming the hernia had developed as a side effect of medications he had been taking for his work-related injury. By an order dated November 18, 2002, WSI denied benefits, finding that Benson had failed to prove the hernia was causally related to his 1992 work injury. Benson concedes he received notice of WSI's order on December 17, 2002.

[¶ 3] On January 10, 2003, Benson filed a notice of appeal with the clerk of district court. Benson did not serve the notice upon WSI, the attorney general, or any other party. On February 21, 2003, Benson filed a document entitled "Exhibits to be Reviewed by District Court" with the clerk of district court. Again, Benson did not serve copies of this document upon WSI, the attorney general, or any other party. On March 19, 2003, the district court sua sponte dismissed the appeal for lack of jurisdiction, noting Benson had failed to file proof of service of the notice of appeal and concluding Benson had therefore failed to comply with the statutory requirements for perfecting an appeal under N.D.C.C. § 28–32–42(4).

[¶ 4] Benson subsequently filed with the court a request for reconsideration, seeking an extension of time. On April 3, 2003, the court issued its order denying the request for reconsideration. A judgment dismissing the appeal to district court was entered.

II

[¶ 5] Appeals to the district court from decisions of an administrative agency are statutory in nature and are not matters of original jurisdiction, but rather involve the exercise of appellate jurisdiction conferred by statute. *McArthur v. North Dakota Workers Comp. Bureau*, 1997 ND 105, ¶ 9, 564 N.W.2d 655; *Transystems Servs. v. North Dakota Workers Comp. Bureau*, 550 N.W.2d 66, 67 (N.D. 1996); *Boyko v. North Dakota's Workmen's Comp. Bureau*, 409 N.W.2d 638, 641 (N.D.1987). The statutory requirements for filing a notice of appeal from an administrative agency order are jurisdictional. *Boyko*, at 641. For the district court to acquire subject matter jurisdiction over an appeal from a decision of an administrative agency, the appellant must satisfy the stat-

utory requirements for perfecting the appeal. *Pederson v. North Dakota Workers Comp. Bureau*, 534 N.W.2d 809, 810 (N.D. 1995).

[¶ 6] An appeal from a decision of WSI must be taken in accordance with N.D.C.C. ch. 28–32, the Administrative Agencies Practice Act. N.D.C.C. § 65–10–01. The appeal must be taken within thirty days after notice of WSI's order has been given. N.D.C.C. § 28–32–42(1). To perfect an appeal, the appellant must serve a notice of appeal upon WSI, the attorney general or an assistant attorney general, and all parties to the proceeding:

> An appeal shall be taken by serving a notice of appeal and specifications of error specifying the grounds on which the appeal is taken, upon the administrative agency concerned, upon the attorney general or an assistant attorney general, and upon all the parties to the proceeding before the administrative agency, and by filing the notice of appeal and specifications of error together with proof of service of the notice of appeal, and the undertaking required by this section, with the clerk of the district court to which the appeal is taken.

N.D.C.C. § 28–32–42(4). If the appellant does not serve the notice of appeal as required by the statute, the district court lacks subject matter jurisdiction and the appeal must be dismissed. *Pederson*, 534 N.W.2d at 810.

[¶ 7] It is undisputed that Benson did not serve the notice of appeal upon WSI and the attorney general or an assistant attorney general as required by N.D.C.C. § 28–32–42(4). Accordingly, the district court was without subject matter jurisdiction.

[¶ 8] Benson argues the district court could have granted an extension of time for serving the notice of appeal under N.D.R.App.P. 4(a)(4), which authorizes the district court to extend the time for filing a notice of appeal to the Supreme Court upon a showing of excusable neglect or good cause. The Rules of Appellate Procedure, however, govern procedure in the Supreme Court, and the rules on filing the notice of appeal specifically apply only to appeals from the district court to the Supreme Court. *See* N.D.R.App.P. 1(a) and 3(a)(1). Rule 4(a)(4) cannot be used to enlarge the statutorily mandated period for perfecting an appeal from the decision of an administrative agency to the district court.

[¶ 9] We rejected a similar argument in *Basin Elec. Power Co–op. v. North Dakota Workers Comp. Bureau*, 541 N.W.2d 685 (N.D.1996). The appellant sought to enlarge the statutory time for filing its notice of appeal from an administrative decision under N.D.R.Civ.P. 6(b), which authorizes the court to enlarge the time within which an act is to be done. We concluded the rule was limited to matters arising under the rules of procedure, and could not be used to enlarge periods of time which are definitely fixed by statute. *Basin*, at 690. Accordingly, we held that the rule could not enlarge the thirty-day period for service of the notice of appeal under the predecessor statute to N.D.C.C. § 28–32–42, and the district court was without jurisdiction. *Basin*, at 690.

[¶ 10] Furthermore, even if N.D.R.App.P. 4(a)(4) applied, it would not save Benson's appeal in this case. The rule allows the district court to extend the time for filing the notice of appeal only if the party moves for an extension no later than thirty days after the original time period has expired, and in no event may the extension exceed thirty days after the original prescribed time. Under N.D.C.C. § 28–32–42, the notice of appeal in this case was required to be served within thir-

ty days after Benson received notice of WSI's order on December 17, 2002. Thus, the original deadline was January 16, 2003. Benson did not request an extension or serve the required notice of appeal within thirty days of that date. Accordingly, even if N.D.R.App.P. 4(a)(4) applied, it would not save Benson's attempted appeal in this case.

[¶ 11] We conclude the district court lacked subject matter jurisdiction, and the judgment dismissing Benson's attempted appeal from WSI's decision denying benefits is affirmed.

[¶ 12] CAROL RONNING KAPSNER, MARY MUEHLEN MARING, WILLIAM A. NEUMANN, and DALE V. SANDSTROM, JJ., concur.