2017 ND 270

**ALTRU SPECIALTY SERVICES, INC., d/b/a Yorhom Medical Essentials, Appellee**

v.

**NORTH DAKOTA DEPARTMENT OF HUMAN SERVICES and Christopher D. Jones, in his capacity as Executive Director of North Dakota Department of Human Services, Appellants**

No. 20170146

Supreme Court of North Dakota.

Filed 11/20/2017

Monte L. Rogneby (argued) and Justin J. Hagel (appeared), Bismarck, ND, and Timothy R. Dittus (on brief) and Megan J. Flom (on brief), Grand Forks, ND, for appellee.

James E. Nicolai (argued) and Elizabeth Fischer (appeared), Bismarck, ND, for appellants.

VandeWalle, Chief Justice.

[¶ 1] The North Dakota Department of Human Services appealed from a district court judgment reversing the Department's order deciding Altru Specialty Services, doing business as Yorhom Medical Essentials, received overpayments for medical equipment supplied to Medicaid recipients and ordering recoupment. We conclude the district court did not have jurisdiction and the appeal should have been dismissed because Yorhom failed to satisfy statutory requirements for perfecting an appeal. We reverse and remand.

I

[¶ 2] Yorhom provides durable medical equipment to North Dakota Medicaid recipients. The Department administers the state Medicaid program, including paying claims providers submit. The Department hired a third party contractor to conduct an audit of state Medicaid programs, including auditing past payments to providers to ensure state Medicaid billing procedures and policies were followed by providers who requested payment of Medicaid claims. The audit identified numerous claims the Department paid to Yorhom that did not meet billing procedures. The contractor determined those claims were overpayments and the Department was entitled to seek recoupment.

[¶ 3] On September 17, 2015, Yorhom appealed the contractor's decision on nine claims worth $27,099.27 to the Department under N.D.C.C. § 50–24.1–24, requesting reversal of the audit findings. Yorhom provided documents and other information supporting its request for review. On April 13, 2016, the Department issued an order, finding Yorhom did not comply with billing procedures, an overpayment was made in the amount of $25,192.21, and recoupment was proper.

[¶ 4] On May 13, 2016, Yorhom filed its notice of appeal and specification of errors in the district court. Yorhom also served its notice of appeal and specification of errors on an assistant attorney general in the Attorney General's Office. Yorhom argued the Department's decision was not in accordance with the law because the Department did not comply with statutory requirements and Yorhom complied with billing requirements.

[¶ 5] The Department moved to dismiss, arguing service was improper because it was untimely and the agency was not properly served. The district court denied the motion.

[¶ 6] After a hearing, the district court reversed the Department's decision. The court concluded the Department's decision was not in accordance with the law because it did not comply with the statutory time requirement for issuing the decision and it failed to show good cause for the delay.

II

[¶ 7] The Department argues the district court lacked jurisdiction and the appeal should have been dismissed because it was not properly served with a timely notice of appeal.

[¶ 8] Under N.D. Const. art. VI, § 8, the district court has original jurisdiction of all causes, except as otherwise provided by law, and has appellate jurisdiction as provided by law or rule of the supreme court. Appeals from decisions of an administrative agency to the district court involve the exercise of appellate jurisdiction as provided by N.D. Const. art. VI, § 8 and as conferred by statute. *Opp v. Dir., N.D. Dep't of Transp.*, 2017 ND 101, ¶ 8, 892 N.W.2d 891. For the district court to acquire subject matter jurisdiction, the appellant must satisfy statutory requirements for perfecting an appeal. *Id.*; *see also Benson v. Workforce Safety Ins.*, 2003 ND 193, ¶ 6, 672 N.W.2d 640. The statutory requirements for filing and serving a notice of appeal from an agency order are jurisdictional. *See Benson*, at ¶ 5.

[¶ 9] Section 50–24.1–24(5), N.D.C.C., governs a provider's appeal of the Department's decision denying payment for a medical assistance claim, and states, "A provider may appeal the final decision of the department to the district court in the manner provided in section 28–32–42...." Section 28–32–42(1), N.D.C.C., states a party to an administrative agency proceeding may appeal from an agency order within thirty days after notice of the order has been given. The statute further states:

An appeal shall be taken by serving a notice of appeal and specifications of error specifying the grounds on which the appeal is taken, upon the administrative agency concerned, upon the attorney general or an assistant attorney general, and upon all the parties to the proceeding before the administrative agency, and by filing the notice of appeal and specifications of error together with proof of service of the notice of appeal, and the undertaking required by this section, with the clerk of the district court to which the appeal is taken.

N.D.C.C. § 28–32–42(4).

[¶ 10] The primary objective in interpreting a statute is to determine the legislative intent, and the intent is initially sought from the language of the statute. *Gaede v. Bertsch*, 2017 ND 69, ¶ 11, 891 N.W.2d 760. Words are given their plain, ordinary, and commonly understood meaning, unless they are specifically defined or contrary intention plainly appears. N.D.C.C. § 1–02–02. Statutes are interpreted to give effect to all of their provisions, and no part of the statute is rendered inoperative or superfluous. N.D.C.C. § 1–02–38(2) and (4); *Gaede*, at ¶ 11.

[¶ 11] To perfect an appeal from an administrative agency decision, the plain language of N.D.C.C. § 28–32–42 requires the appealing party to serve the notice of appeal and specification of errors on the agency, attorney general, and other parties to the proceeding within thirty days of notice of the order being given. *See Benson*, 2003 ND 193, ¶ 6, 672 N.W.2d 640. "If the appellant does not serve the notice of

appeal as required by the statute, the district court lacks subject matter jurisdiction and the appeal must be dismissed." *Id.*

[¶ 12] In this case, Yorhom was required to serve the notice of appeal and specification of errors upon the Department and the attorney general within thirty days of being given notice of the agency's decision reviewing the audit results. The Department's order was dated April 13, 2016, and was also served by mail on April 13, 2016. On May 13, 2016, Yorhom filed its notice of appeal and specification of errors with the district court, and served an assistant attorney general with two copies of the notice of appeal and specification of errors. The affidavits of service indicate the service was upon the Department and its executive director "[b]y serving, as per statute, Mike Pitcher, Assistant Attorney General, North Dakota Attorney General's Office." On May 20, 2016, Yorhom served the Department with the notice of appeal and specification of errors by mail.

[¶ 13] The Department argues Yorhom did not comply with the statutory requirements for perfecting an appeal because it did not serve the Department with the notice of appeal and specification of errors within 30 days after notice of the Department's final decision. Citing *Sande v. State*, 440 N.W.2d 264 (N.D. 1989), and N.D.R.Civ.P. 5, Yorhom argues it properly served the Department with the notice of appeal because it served an assistant attorney general and the Attorney General's Office represents administrative agencies in appeals before the district court.

[¶ 14] Rule 5, N.D.R.Civ.P., provides procedural rules for service and filing of pleadings and other documents, including how service is made. Rule 5, N.D.R.Civ.P., applies to service of a notice of appeal from an administrative agency's decision. *Inwards v. N.D. Workforce Safety & Ins.*, 2014 ND 163, ¶ 9, 851 N.W.2d 693. If a party is represented by an attorney, service must be made on the attorney unless the court orders service on the party. N.D.R.Civ.P. 5(b)(2)(A).

[¶ 15] In *Sande*, 440 N.W.2d at 266, this Court decided whether an administrative agency was properly served with a notice of appeal. Under N.D.C.C. § 28–32–15, now codified at N.D.C.C. § 28–32–42, the appealing party was required to serve the notice of appeal and specification of errors upon the administrative agency, the attorney general or assistant attorney general, and all parties to the proceeding. *Id.* The notice of appeal and specification of errors were not directly served on any member of the agency, but the documents were timely served on an assistant attorney general who represented the agency and the State in the administrative proceedings. *Id.* This Court held service on the assistant attorney general was proper service on the agency under N.D.R.Civ.P. 5(b) because the assistant attorney general represented the agency and the State in the administrative proceedings. *Id.* at 266–67.

[¶ 16] This case is different from *Sande*. Here, the assistant attorney general who was served with the notice of appeal and specification of errors did not represent the Department in the proceedings before the agency. The Department was not represented by an attorney in the proceedings under N.D.C.C. § 50–24.1–24. The Department was not represented by an attorney when the assistant attorney general was served, and therefore service on the assistant attorney general was not sufficient to serve the Department under N.D.R.Civ.P. 5(b).

[¶ 17] Yorhom also argues it properly served the Department as permitted under N.D.R.Civ.P. 4(d)(2)(F)(ii) because Rule 4 permits service of an agency by delivering

a copy of the summons to the attorney general or assistant attorney general. Rule 4(d)(2)(F)(ii), N.D.R.Civ.P., states service of process on a state agency must be made "by delivering a copy of the summons to the managing head of the agency or to the attorney general or an assistant attorney general." This Court has said, "N.D.R.Civ.P. 4 controls service of process, which generally involves a summons and complaint, N.D.R.Civ.P. 5 governs service of papers other than process." *Inwards*, 2014 ND 163, ¶ 9, 851 N.W.2d 693; *see also* N.D.R.Civ.P. 4, Explanatory Note. We have also said N.D.R.Civ.P. 5 applies to service of a notice of appeal from an administrative agency's decision. *Inwards*, at ¶ 9. Rule 4, N.D.R.Civ.P., does not apply to service of the notice of appeal in this case. Furthermore, the statutory requirement to serve both the agency and the attorney general would be rendered inoperative or superfluous if N.D.R.Civ.P. 4 and 5 control and permit service of a notice of appeal on an agency by serving the attorney general or any assistant attorney general in all appeals from agency orders.

[¶ 18] The Department was not timely served with the notice of appeal and specification of errors as N.D.C.C. § 28–32–42 requires. Yorhom did not satisfy statutory requirements for perfecting an appeal. We conclude the district court lacked subject matter jurisdiction and erred in denying the Department's motion to dismiss.

### III

[¶ 19] We reverse the judgment and remand for the district court to enter a judgment dismissing Yorhom's appeal to the district court.

[¶ 20] Gerald W. VandeWalle, C.J.

Jerod E. Tufte

Daniel J. Crothers

Lisa Fair McEvers

Mary Muehlen Maring, S.J.

[¶ 21] The Honorable Mary Muehlen Maring, S.J., sitting in place of Jensen, J., disqualified.