# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 16

| | |
|---|---|
| S.E.L., | Plaintiff and Appellant |
| v. | |
| J.A.P., J.M., | Defendants |
| and | |
| State of North Dakota, | Statutory Real Party in Interest and Appellee |

No. 20180075

Appeal from the District Court of Stark County, Southwest Judicial District, the Honorable Rhonda R. Ehlis, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Theresa L. Kellington, Bismarck, ND, for plaintiff and appellant.

Sheila K. Keller (argued) and Steven G. Podoll (on brief), Bismarck, ND, and Brittney A. Bornemann (on brief), Assistant State's Attorney, Dickinson, ND, for Statutory Real Party in Interest and Appellee.

**McEvers, Justice.**

[¶1]    S.E.L. appeals from an order dismissing his action seeking to adjudicate the paternity of the child, J.J.M.  We conclude the district court did not err in concluding S.E.L.'s action was barred by N.D.C.C. § 14-20-44(2).  We affirm.

I

[¶2]    On April 24, 2014, the child was born to the biological mother, J.A.P.  Shortly after the child's birth, J.A.P. and J.M. executed an acknowledgment of paternity, claiming J.M. was the child's father.

[¶3]    In September 2016, S.E.L. filed a complaint challenging paternity, alleging the paternity acknowledgment was executed based on fraud and deceit, and requesting the court order genetic testing and declare he is the child's father.  S.E.L. filed an affidavit in support of his complaint, stating he was in a sexual relationship with J.A.P. in Montana during the period of conception, J.A.P. moved to North Dakota after the child was conceived and entered into a relationship with J.M., J.A.P. never informed S.E.L. she was pregnant, and he learned about the child in the fall of 2015. He stated he attempted to establish paternity by filing paperwork with the Child Support Enforcement Division in Montana, but he learned that J.M. signed an acknowledgment of paternity on or around April 24, 2014.  S.E.L. admitted it had been more than two years since the acknowledgment of paternity was signed, but he claimed the acknowledgment was based on fraud and deceit and should be declared void.  S.E.L. also alleged the child had been removed from J.A.P. and J.M.'s care and placed in a foster home in February 2016, J.A.P. was to be released from jail in Nevada in August 2016, and J.M. was currently incarcerated in North Dakota.

[¶4]    The State, through Stark County Social Services, was served with the summons and complaint by mail.  The State, through the Southwest Area Child Support Unit, answered and argued the claim was barred by the applicable statute of limitations and S.E.L. failed to state a claim upon which relief could be granted.

[¶5]    On January 24, 2017, S.E.L. moved for genetic testing, requesting the district court order genetic testing to determine whether he is the child's father.  On February 23, 2017, the district court denied S.E.L.'s motion.  The court explained that no party who was served with the motion responded to the motion, and the child is in the custody of the State but Stark County Social Services was not served with the motion.  The court also explained J.M. is the child's acknowledged father and S.E.L. is unable to ask for genetic testing because he did not request testing within two years of the execution of the acknowledgment of paternity.

[¶6]    On May 8, 2017, S.E.L. filed a pretrial brief.  He argued the Uniform Parentage Act, N.D.C.C. ch. 14-20, should not apply to his case.  He also claimed a proceeding seeking to disprove the father-child relationship between a child and the child's presumed father may be maintained at any time, no statute of limitations exists to prevent genetic testing, and genetic testing is authorized under provisions of the Uniform Parentage Act.

[¶7]    On May 15, 2017, the State, through the Stark County State's Attorney's Office, answered S.E.L.'s complaint, stating it did not object to genetic testing.  The State also argued S.E.L. failed to sufficiently serve all parties and his claim was beyond the applicable statute of limitations for a paternity action.

[¶8]    On June 9, 2017, the district court entered an order appointing a guardian ad litem for the child and to allow genetic testing. On July 17, 2017, the State, through the child support unit, moved for reconsideration of the order.  The State argued the court had already denied the first motion for genetic testing and no relevant facts changed after that decision, and there was no motion to vacate or reconsider that prior order.  The State also asserted there was no indication J.A.P. had ever been served, genetic testing could be refused under the Uniform Parentage Act if there was an

2

untimely challenge to an acknowledgment of paternity, and a challenge to the acknowledged paternity is untimely in this case. S.E.L. opposed the State's motion.

[¶9] After a hearing, the district court ordered S.E.L.'s action be dismissed. The court found J.A.P. and J.M. were in default. The court held S.E.L. commenced the proceeding more than two years after the effective date of the paternity acknowledgment, challenges to an acknowledgment of paternity must be commenced within two years after the effective date of the acknowledgment under N.D.C.C. § 14-20-44(2), and S.E.L. was not permitted to challenge the acknowledgment because his action was untimely. The court ruled all other issues pending before the court were moot and required no further adjudication because the matter was dismissed. Judgment was entered.

II

[¶10] S.E.L. argues the Uniform Parentage Act, N.D.C.C. ch. 14-20, should not be applied in the "very unusual" circumstances of this case. He claims there is a "very high probability" that he is the child's biological father, the child is currently in foster care, and the "presumed father" and biological mother do not have a relationship with the child. He contends the purpose of the Act is to protect biological fathers from interfering with formed relationships years after the fact and that purpose does not exist in this case.

[¶11] The interpretation of a statute is a question of law, which is fully reviewable on appeal. *D.E. v. K.F.*, 2012 ND 253, ¶ 7, 825 N.W.2d 832. In interpreting a statute, words are given their plain, ordinary, and commonly understood meaning, unless they are specifically defined or contrary intention plainly appears. N.D.C.C. § 1-02-02. "Statutes are interpreted to give effect to all of their provisions, and no part of the statute is rendered inoperative or superfluous." *Altru Specialty Servs., Inc. v. N.D. Dep't of Human Servs.*, 2017 ND 270, ¶ 10, 903 N.W.2d 721; *see also* N.D.C.C. § 1-02-38(2) and (4). "When the wording of a statute is clear and free of all ambiguity,

3

the letter of it is not to be disregarded under the pretext of pursuing its spirit." N.D.C.C. § 1-02-05.

[¶12] Chapter 14-20, N.D.C.C., applies to determine parentage in North Dakota. N.D.C.C. § 14-20-03. Section 14-20-04, N.D.C.C., authorizes the district court to adjudicate parentage under Chapter 14-20. Section 14-20-36, N.D.C.C., authorizes a civil proceeding to adjudicate the parentage of a child.

[¶13] An "acknowledged" father is defined as "a man who has established a father-child relationship under sections 14-20-11 through 14-20-24." N.D.C.C. § 14-20-02(1). Section 14-20-11, N.D.C.C., authorizes a mother of a child and a man claiming to be the child's genetic father to sign an acknowledgment of paternity with the intent to establish the man's paternity. A valid acknowledgment of paternity filed with the state health department is equivalent to an adjudication of paternity and confers upon the acknowledged father all of the rights and duties of a parent. N.D.C.C. § 14-20-15. "If a child has an acknowledged father . . . , an individual, other than the child, who is neither a signatory to the acknowledgment of a paternity . . . and who seeks an adjudication of paternity of the child must commence a proceeding not later than two years after the effective date of the acknowledgment[.]" N.D.C.C. § 14-20-44(2).

[¶14] Chapter 14-20, N.D.C.C., applies to determinations of parentage. The district court found J.M. is an acknowledged father. S.E.L. is attempting to challenge the acknowledged paternity and to adjudicate his paternity, and the chapter contains provisions governing this type of proceeding. We conclude N.D.C.C. ch. 14-20 applies.

III

[¶15] S.E.L. argues the district court erred in dismissing his action and finding it was untimely.

[¶16] The court dismissed S.E.L.'s action, stating:

> Plaintiff [S.E.L.] commenced this proceeding to challenge the paternity acknowledgment signed by Defendants [J.A.P. and J.M]

4

outside the timeframe of two years after the effective date of the paternity acknowledgment as established in N.D.C.C. § 14-20-44(2).
. . . .
Because Plaintiff [S.E.L.] commenced this proceeding more than two years after the effective date of the subject paternity acknowledgment, he is not permitted to pursue a challenge of such acknowledgment.

This action is dismissed pursuant to N.D.C.C. § 14-20-44.


A

[¶17] S.E.L. contends N.D.C.C. § 14-20-41 allows a proceeding to adjudicate parentage at any time. He claims N.D.C.C. § 14-20-41 applies in this case.

[¶18] Section 14-20-41, N.D.C.C., states:

A proceeding to adjudicate the parentage of a child having no presumed, acknowledged, or adjudicated father may be commenced at any time, even after:
1.    The child becomes an adult, but only if the child initiates the proceeding; or
2.    An earlier proceeding to adjudicate paternity has been dismissed based on the application of a statute of limitation then in effect.

Under N.D.C.C. § 14-20-41, there is no limitation on the time to commence a proceeding to adjudicate parentage if the child has no presumed, acknowledged, or adjudicated father. The district court found J.M. signed an acknowledgment of paternity, and S.E.L. does not argue the court's finding is clearly erroneous. Because the child has an acknowledged father, N.D.C.C. § 14-20-41 does not apply.


B

[¶19] S.E.L. contends the district court erred in applying N.D.C.C. § 14-20-42 to conclude his claim was untimely.

[¶20] Section 14-20-42, N.D.C.C., places limitations on proceedings to adjudicate the parentage of a child having a "presumed father." A man is a "presumed father" if any of the conditions under N.D.C.C. § 14-20-10 are met, including when a man is married to the mother of the child and the child is born during the marriage, or when

the man resides in the same household as the child for the first two years of the child's life and openly holds the child as his own. A paternity presumption established by N.D.C.C. § 14-20-10 "may be rebutted only by an adjudication under sections 14-20-36 through 14-20-58." N.D.C.C. § 14-20-10(2). When a child has a presumed father, a proceeding to adjudicate the parentage of the child must be commenced not later than two years after the child's birth, but a proceeding to disprove the father-child relationship may also be maintained "at any time" if the presumed father and child's mother neither cohabited nor engaged in sexual intercourse with each other during the probable time of conception and the presumed father never openly held out the child as his own. N.D.C.C. § 14-20-42; *see also D.E.*, 2012 ND 253, ¶ 11, 825 N.W.2d 832.

[¶21] Here, the district court found the child had an acknowledged father and concluded S.E.L.'s action to adjudicate the child's parentage was precluded under N.D.C.C. § 14-20-44, which applies to proceedings to adjudicate the paternity of a child who has an acknowledged father. The court did not apply N.D.C.C. § 14-20-42, and we conclude it does not apply because the child does not have a "presumed father."

[¶22] An acknowledged father is different from a presumed father and different statutes provide limitations on actions challenging an acknowledged father's paternity. Section 14-20-44(2), N.D.C.C., provides limitations on adjudications of paternity for a child who has an acknowledged father, stating:

> If a child has an acknowledged father or an adjudicated father, an individual, other than the child, who is neither a signatory to the acknowledgment of a paternity nor a party to the adjudication and who seeks an adjudication of paternity of the child must commence a proceeding not later than two years after the effective date of the acknowledgment or adjudication.

Under the plain language of the statute, a person seeking adjudication of paternity who is not a signatory to the acknowledgment must commence a proceeding not later than two years after the effective date of the acknowledgment.

6

[¶23] The district court found and S.E.L. conceded in his complaint that he commenced the proceeding to challenge the paternity acknowledgment more than two years after the effective date of the acknowledgment. Neither of the parties addressed the issue of whether N.D.C.C. § 14-20-44(2) is a statute of limitation or a statute or repose. We assume without deciding N.D.C.C. § 14-20-44(2) is a statute of limitation. S.E.L. does not argue on appeal that principles of estoppel apply or that the statute was tolled for any reason. Because S.E.L. commenced this action more than two years after the effective date of the acknowledgment, based on the arguments made, his claim was barred under the statute.

[¶24] S.E.L. argues this case is very similar to *D.E.*, 2012 ND 253, 825 N.W.2d 832, and this Court should look at our decision in *D.E.* for guidance in deciding this case. In *D.E.*, at ¶ 1, the child was an orphan, her mother and presumed father were dead, and no one claimed custody through either parent. The alleged father brought a proceeding under N.D.C.C. ch. 14-20 against the "private foster parents" the child was residing with, alleging he was the child's biological father. *D.E.*, at ¶ 3. The alleged father requested the court order a paternity test and award him sole residential responsibility for the child. *Id.* The "private foster parents" moved to dismiss the proceeding arguing the statute of limitations, N.D.C.C. § 14-20-42, barred the alleged father's action. *D.E.*, at ¶ 3. The district court concluded the alleged father's request was time-barred under N.D.C.C. § 14-20-42 because the child had a presumed father and the alleged father failed to establish an exception to the two-year statute of limitations. *D.E.,* at ¶ 4.

[¶25] On appeal, this Court considered N.D.C.C. ch. 14-20, noted there was a two-year statute of limitations for proceedings to disprove a presumed father's relationship with the child, but also noted a proceeding may be maintained "at any time" if the court finds both stated conditions are met under N.D.C.C. § 14-20-42(2)(a) and (b). *D.E.*, 2012 ND 253, ¶ 11, 825 N.W.2d 832. This Court said the party relying on a statute of limitations has the burden of proving the action is barred. *Id.* at ¶ 11. A statute of limitations defense is a personal privilege and only the person for whose

7

benefit the statute inures or someone standing in that person's place may take advantage of it. *Id.* at ¶ 13. Section 14-20-37, N.D.C.C., provides a list of entities with standing to maintain a proceeding to adjudicate parentage and that list also designated potential "intended beneficiaries" of the statutes. *D.E.*, at ¶ 16. We held the "private foster parents" were not intended beneficiaries of the statute of limitations defense and were not proper parties to raise the defense. *Id.* at ¶ 19. We reversed the district court's decision dismissing the case and remanded for additional proceedings and for appointment of a guardian ad litem. *Id.* at ¶ 23.

[¶26] This case is distinguishable from *D.E.* In *D.E.,* 2012 ND 253, ¶ 19, 825 N.W.2d 832, the party alleging the statute of limitations barred the alleged father's action was not an "intended beneficiary" of the statute of limitations defense and therefore was not a proper party to raise the defense. Here, the State raised the statute of limitations defense and S.E.L. did not argue the State was not an intended beneficiary of the defense. Although S.E.L. attempted to raise the issue on appeal during oral argument, we generally do not consider arguments raised for the first time at oral argument. *Rath v. Rath*, 2017 ND 138, ¶ 16, 895 N.W.2d 315.

[¶27] Also, the statutory provisions that limit proceedings when there is an acknowledged father are different from those that apply to a presumed father. This Court did not determine whether the statute of limitations would preclude the alleged father's action in *D.E.* if the defense had been properly raised. Section 14-20-42, N.D.C.C., allows an action to challenge a presumed father's paternity at any time under certain circumstances. The statutory limitation on actions to challenge an acknowledged father's paternity does not include similar language. This case is different from *D.E.*, and *D.E.* does not guide the outcome of this case.

[¶28] The child has an acknowledged father, and S.E.L. did not commence this action within two years of the effective date of the acknowledgment of paternity. S.E.L.'s action was not timely. We conclude the district court did not err in dismissing S.E.L.'s case under N.D.C.C. § 14-20-44(2).

8

C

[¶29]  S.E.L. also argues the court erred by failing to order genetic testing under either N.D.C.C. §§ 14-20-26 or 14-20-43.

[¶30]  In a June 12, 2017 order, the district court ordered S.E.L., the child, and J.M. to provide genetic samples for genetic testing.  The State moved the court to reconsider its order.  S.E.L. moved for an order to show cause, requesting the State be held in contempt for failing to allow him to schedule an appointment to take samples for genetic testing.  In its order dismissing S.E.L.'s action, the court stated all other issues before the court, including the order for genetic testing, are moot because the matter was dismissed.

[¶31]  Section 14-20-26, N.D.C.C., authorizes the district court to order genetic testing, stating:

> 1.  Except as otherwise provided in sections 14-20-25 through 14-20-58, the court shall order the child and other designated individuals to submit to genetic testing if the request for testing is supported by the sworn statement of a party to the proceeding:
>   a.  Alleging paternity and stating facts establishing a reasonable probability of the requisite sexual contact between the individuals; or
>   b.  Denying paternity and stating facts establishing a possibility that sexual contact between the individuals, if any, did not result in the conception of the child.
> 2.  A support enforcement agency may order genetic testing only if there is no presumed, acknowledged, or adjudicated father.

[¶32]  The plain language of N.D.C.C. § 14-20-26 states the district court shall order testing except as provided in sections 14-20-25 through 14-20-58.  Section 14-20-44(2), N.D.C.C., limits the court's authority to order testing under N.D.C.C. § 14-20-26 when the time limit for bringing an action to adjudicate the paternity of a child who has an acknowledged father has expired.  The official comment to the corresponding section of the Uniform Parentage Act (2000) supports our interpretation.  "When we interpret and apply provisions in a uniform law, we may look to official editorial board comments for guidance." *Matter of Bradley K. Brakke Trust*, 2017 ND 34, ¶ 12, 890 N.W.2d 549; *see also* N.D.C.C. § 14-20-66 (stating in

9

applying and interpreting N.D.C.C. ch. 14-20, "consideration must be given to the need to promote uniformity of the law with respect to its subject matter among states that enact it"). Section 502 of the Uniform Parentage Act is the corresponding section to N.D.C.C. § 14-20-26. The official comment to section 502 states, "the right of the court to order testing is not absolute; §§ 607-609 place limitations on genetic testing if the child has a presumed, acknowledged, or adjudicated father." Unif. Parentage Act § 502 (2000), comment. We conclude genetic testing was not authorized under N.D.C.C. § 14-20-26 under the facts and circumstances of this case.

[¶33] S.E.L. also contends the district court failed to apply N.D.C.C. § 14-20-43 and order genetic testing. Section 14-20-43, N.D.C.C., provides the court authority to deny a motion for genetic testing, stating:

1.    In a proceeding to adjudicate the parentage of a child having a presumed father or to challenge the paternity of a child having an acknowledged father, the court may deny a motion seeking an order for genetic testing of the mother, the child, and the presumed or acknowledged father if the court determines that:
    a.    The conduct of the mother or the presumed or acknowledged father estops that party from denying parentage; and
    b.    It would be inequitable to disprove the father-child relationship between the child and the presumed or acknowledged father.
2.    In determining whether to deny a motion seeking an order for genetic testing under this section, the court shall consider the best interest of the child, including the following factors:
    a.    The length of time between the proceeding to adjudicate parentage and the time that the presumed or acknowledged father was placed on notice that he might not be the genetic father;
    b.    The length of time during which the presumed or acknowledged father has assumed the role of father of the child;
    c.    The facts surrounding the presumed or acknowledged father's discovery of his possible nonpaternity;
    d.    The nature of the relationship between the child and the presumed or acknowledged father;
    e.    The age of the child;

10

> f. The harm that may result to the child if presumed or acknowledged paternity is successfully disproved;
>
> g. The nature of the relationship between the child and any alleged father;
>
> h. The extent to which the passage of time reduces the chances of establishing the paternity of another man and a child support obligation in favor of the child; and
>
> i. Other factors that may affect the qualities arising from the disruption of the father-child relationship between the child and the presumed or acknowledged father or the chance of other harm to the child.
>
> 3. In a proceeding involving the application of this section, a minor or incapacitated child must be represented by a guardian ad litem.
>
> 4. Denial of a motion seeking an order for genetic testing must be based on clear and convincing evidence.
>
> 5. If the court denies a motion seeking an order for genetic testing, it shall issue an order adjudicating the presumed or acknowledged father to be the father of the child.

The plain language of N.D.C.C. § 14-20-43 states the district court may deny a motion seeking an order for genetic testing in a proceeding to challenge the paternity of a child having an acknowledged father if the court makes certain findings.

[¶34] In this case, the district court ordered genetic testing, but later dismissed the action because the action was barred by the statute of limitations and ruled the order for testing was moot. Because S.E.L. did not commence these proceedings to adjudicate paternity and challenge the acknowledgment of paternity within two years of the effective date of the acknowledgment of paternity, the court properly dismissed the action. There is no pending proceeding to challenge the paternity of the acknowledged father. To the extent the district court had discretion to order genetic testing under N.D.C.C. § 14-20-43, the court did not err by ruling the order for testing was moot when it properly concluded the statute of limitations barred S.E.L.'s action.

IV

[¶35] We affirm the order dismissing S.E.L.'s paternity action.

[¶36] Lisa Fair McEvers
Daniel J. Crothers

11

Jerod E. Tufte
Jon J. Jensen
Gerald W. VandeWalle, C.J.