# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 14

Albert Ellis,        Appellee

v.

North Dakota Workforce Safety and Insurance,        Appellant

## No. 20190252

Appeal from the District Court of McIntosh County, Southeast Judicial District, the Honorable Daniel D. Narum, Judge.

JUDGMENT VACATED.

Opinion of the Court by Jensen, Chief Justice.

Mary E. Depuydt, Wishek, ND, for appellee.

Jacqueline S. Anderson, Fargo, ND, for appellant.

# Ellis v. WSI
## No. 20190252

**Jensen, Chief Justice.**

[¶1] Workforce Safety and Insurance (WSI) appeals from a district court judgment reversing a decision of an Administrative Law Judge (ALJ) confirming a prior order of WSI. WSI contends the district court lacked subject matter jurisdiction over Ellis' appeal of the ALJ's decision because his appeal to the district court was untimely. We conclude the district court lacked subject matter jurisdiction because Ellis failed to timely file his appeal from the decision of the ALJ, we order the judgment of the district court be vacated, and we reinstate the decision of the ALJ.

I

[¶2] In 2014, Ellis began receiving partial disability benefits. In 2016, Ellis underwent a functional capacity assessment and further review by WSI. WSI determined Ellis continued to be eligible to receive partial disability benefits, but at a reduced amount. WSI ordered his partial disability benefits be reduced by the greater of his actual wages or his retained earning capacity as had been determined by WSI.

[¶3] Ellis appealed the WSI order, triggering review by the ALJ. Ellis challenged the determination of his retained earning capacity. Following an evidentiary hearing, the ALJ confirmed WSI's order reducing Ellis' partial disability benefits. Notice of the ALJ's decision was sent to Ellis by regular mail on July 10, 2018. Ellis' notice of appeal from the ALJ's decision was filed in the district court on August 13, 2018, more than thirty days after the mailing of the notice of the ALJ's decision.

[¶4] WSI moved to dismiss Ellis' appeal asserting the untimely filing of the appeal with the district court prevented the district court from having subject matter jurisdiction. The district court denied WSI's motion. WSI filed a petition for a supervisory writ seeking a determination on whether the district court had subject matter jurisdiction over Ellis' appeal. In an unpublished order, this Court denied the petition and declined to address the issue raised

1

in WSI's petition prior to a final order or judgment in the district court. The district court subsequently reversed the decision of the ALJ and reinstated Ellis' partial disability benefits without the reduction ordered by WSI. WSI timely appealed the decision of the district court.

[¶5] WSI asserts the district court lacked subject matter jurisdiction to hear an appeal from the decision of the ALJ because Ellis failed to file his notice of appeal with the district court within thirty days of the notice of the ALJ's decision. Ellis asserts our denial of WSI's petition for a supervisory writ was a determination by this Court that the district court had subject matter jurisdiction. Ellis also contends the thirty day period for filing the appeal should begin upon his receipt of the notice, and, if so, his notice of appeal was timely filed. Alternatively, Ellis argues N.D.R.Civ.P. 6(e)(1) should apply to allow an additional three days for filing the appeal because service of the notice of the ALJ's decision was made by mail, and, if so, his notice of appeal was timely filed.

## II

[¶6] Ellis argues our unpublished order denying WSI's petition for a supervisory writ to resolve the issue of subject matter jurisdiction was a determination the district court had subject matter jurisdiction. We generally decline to exercise this Court's supervisory authority over a district court to resolve an issue that can be raised as part of a subsequent appeal. *Trinity Hosps. v. Mattson*, 2006 ND 231, ¶¶ 6-8, 723 N.W.2d 684. In denying WSI's petition to exercise our supervisory authority we did not resolve the substantive issue raised in the petition and we consider the issue now on appeal from the final judgment of the district court.

## III

[¶7] An appeal to a district court from a posthearing administrative order is governed by N.D.C.C. ch. 65-10 and N.D.C.C. ch. 28-32. N.D.C.C. §§ 65-01-16(9), 65-10-01. An appeal from a final administrative decision to the district court must be taken within thirty days after notice of the appealable order has been given. N.D.C.C. § 28-32-42(1). "An appeal shall be taken by serving a

2

notice of appeal . . . and by filing the notice of appeal . . . with the clerk of the district court to which the appeal is taken." N.D.C.C. § 28-32-42(4). Failure to satisfy the statutory requirements for initiating an appeal to the district court from an administrative decision prevents the district court from obtaining subject matter jurisdiction over the appeal. *Benson v. Workforce Safety & Ins.*, 2003 ND 193, ¶ 6, 672 N.W.2d 640. "When jurisdictional facts are not disputed, the issue of subject matter jurisdiction is a question of law, which we review de novo." *In re Estate of Vaage*, 2016 ND 32, ¶ 14, 875 N.W.2d 527.

IV

[¶8] Ellis argues the thirty day period for filing his notice of appeal should begin to run from the date he actually received the notice of the ALJ's decision. The thirty day appeal period begins after notice of the order has been given as required by N.D.C.C. § 28-32-39. N.D.C.C. § 28-32-42(1). Section 28-32-39 requires the agency to serve the order "in the manner allowed for service under the North Dakota Rules of Civil Procedure." N.D.C.C. § 28-32-39(2). Serving the ALJ's order by mail is an allowable manner for service under Rule 5. N.D.R.Civ.P. 5 (b)(3)(C). When the ALJ mailed the order to Ellis on July 10, 2018, service was completed and the thirty day appeal period began. We decline to extend the time for appeal to when Ellis actually received the notice of the ALJ's decision.

V

[¶9] Ellis argues the time for filing the appeal was extended by N.D.R.Civ.P. 6(e)(1) which allows an additional three days for the performance of an act when service was made by mail. This Court has held the rules of civil procedure only apply when they are consistent with applicable statutes. *Lewis v. N.D. Workers Comp. Bureau*, 2000 ND 77, ¶ 7, 609 N.W.2d 445. While we have not previously considered whether the time for filing an administrative appeal can be extended by Rule 6(e)(1), we have previously declined to extend the time for filing the appeal by applying other procedural rules. *Basin Elec. Power Coop. v. N.D. Workers Comp. Bureau*, 541 N.W.2d 685, 690 (N.D. 1996) (declining to extend the thirty day appeal period by applying Rule 6(b), which authorizes the court to enlarge the time within which an act is to be done);

3

*Benson v. Workforce Safety & Ins.*, 2003 ND 193, ¶ 9, 672 N.W.2d 640 (declining to extend the thirty day appeal period by applying N.D.R.App.P. 4(a)(4), which extends the time to act under Rule 6(a) when service of notice of entry of judgment is by mail under Rule 5).

[¶10] The legislature has set the time for an appeal to the district court at thirty days from the date notice of the order has been given as required by N.D.C.C. § 28-32-39, including service by mail.  Consistent with our prior decisions in *Basin Elec. Power Coop.*, declining to extend the time to file an appeal through the application of N.D.R.Civ.P. 6(b), and *Benson*, declining to extend the time to file an appeal through the application of N.D.R.App.P. 4(a)(4), we decline to extend the time to appeal through the application of N.D.R.Civ.P. 6(e)(1).

VI

[¶11] Ellis filed his notice of appeal from the decision of the ALJ more than thirty days of the mailing of the July 10, 2018, notice of the decision, the appeal was untimely, and the district court lacked subject matter jurisdiction over his appeal.  We decline to hold the thirty day appeal period began from Ellis' actual receipt of the notice of the ALJ's decision and decline to apply N.D.R.Civ.P. 6(e) to extend the time to file the appeal.  Because the district court lacked subject matter jurisdiction, we order the judgment be vacated, and we reinstate the decision of the ALJ.

[¶12] Jon J. Jensen, C.J.
       Gerald W. VandeWalle
       Daniel J. Crothers
       Lisa Fair McEvers
       Jerod E. Tufte

4