# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2024 ND 21

Mohamed Ibrahim Mahad,                                     Appellant

    v.

Workforce Safety and Insurance Fund,                        Appellee

    and

U Haul Co. of North Dakota,                               Respondent

### No. 20230332

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Wade L. Webb, Judge.

AFFIRMED.

Opinion of the Court by Bahr, Justice.

Mohamed I. Mahad, self-represented, West Fargo, ND, appellant; submitted on brief.

Jacqueline S. Anderson, Special Assistant Attorney General, Fargo, ND, for appellee; submitted on brief.

**Mahad v. WSI**
**No. 20230332**

**Bahr, Justice.**

[¶1] Mohamed Mahad appeals a district court judgment dismissing his appeal of a Workplace Safety and Insurance ("WSI") order as untimely. We conclude Mahad failed to timely file his notice of appeal with the court. We affirm.

I

[¶2] Mahad reported an injury allegedly stemming from a workplace accident in July 2022. In October 2022, WSI issued a decision denying benefits. Mahad requested a hearing on the decision. After a hearing, the administrative law judge affirmed WSI's decision, concluding "there was a lack of medical evidence to support those symptoms were caused by the work incident of July 6, 2022." WSI mailed its final order to Mahad on August 11, 2023. Mahad appealed the order to the district court. He filed his notice of appeal with the court on September 14, 2023. WSI moved to dismiss the appeal on the ground the court lacked jurisdiction because Mahad did not timely file his notice of appeal. The court dismissed the appeal.

II

[¶3] "Failure to satisfy the statutory requirements for initiating an appeal to the district court from an administrative decision prevents the district court from obtaining subject matter jurisdiction over the appeal." *Ellis v. N.D. Workforce Safety & Ins.*, 2020 ND 14, ¶ 7, 937 N.W.2d 513. "When jurisdictional facts are not disputed, the issue of subject matter jurisdiction is a question of law, which we review de novo." *Id.* (quoting *In re Estate of Vaage*, 2016 ND 32, ¶ 14, 875 N.W.2d 527).

[¶4] "Any party to any proceeding heard by an administrative agency, except when the order of the administrative agency is declared final by any other statute, may appeal from the order within thirty days after notice of the order has been given as required by section 28-32-39." N.D.C.C. § 28-32-42(1). "An

appeal shall be taken by serving a notice of appeal . . . and by filing the notice of appeal . . . with the clerk of the district court to which the appeal is taken." N.D.C.C. § 28-32-42(4).

[¶5] WSI mailed the notice of the final order to Mahad on August 11, 2023. Mahad filed his notice of appeal with the district court on September 14, 2023, thirty-four days after WSI mailed the notice of its order. WSI's mailing of the notice of the order started the thirty day time to appeal. *Ellis*, 2020 ND 14, ¶ 8 (declining to extend the time to appeal to when the petitioner received the order). The thirty day time to appeal was not extended because WSI mailed the notice of the order. *Id.* at ¶ 9. Mahad filed his notice of appeal more than thirty days after the mailing of the notice of the order. Therefore, the court lacked jurisdiction to hear the appeal and correctly dismissed the case. N.D.C.C. § 28-32-42(1); *Ellis*, at ¶¶ 8, 9, 11.

### III

[¶6] Having considered the parties' other arguments, we conclude they are unnecessary to the decision or are without merit. We affirm.

[¶7] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr