FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
MARCH 3, 2023
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 41

Henry Hill Oil Services LLC,  Plaintiff and Appellee

v.

Abner C. Tufto, Eric Ted Tufto,
Darla Tufto a/k/a Darla O'Donnell,
Kris Bradley Tufto, RWS Holdings, LLC,
and Regional Water Service, LLC,  Defendants

and

Lane A. Knudsen, Marcia K. Talley and
David H. Talley, Trustees of the
Marcia K. Talley Living Trust,
and Ann E. Gochnour,  Defendants and Appellants

----------

Regional Water Service LLC,  Plaintiff

v.

Henry Hill Oil Services LLC,  Defendant and Appellee

## No. 20220212

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Joshua B. Rustad, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Crothers, Justice.

Mark W. Vyvyan (argued), Minneapolis, MN, and Lawrence Bender (appeared), Bismarck, ND, for for plaintiff and appellee.

Erich M. Grant, Minot, ND, for defendant and appellant Lane A. Knudsen.

Nicholas C. Grant (argued), and Marissa R. Cerkoney (on brief), Dickinson, ND, for defendants and appellants Marcia K. Talley and David H. Talley, Trustees of the Marcia K. Talley Living Trust, and Ann E. Gochnour.

**Crothers, Justice.**

[¶1]   Lane Knudsen, Ann Gochnour, and Marcia Talley and David Talley, Trustees of the Marcia K. Talley Living Trust (Landowners), appeal from a district court judgment foreclosing Henry Hill Oil Services LLC's construction liens against the Landowners' properties and awarding Henry Hill Oil its costs and attorney's fees. We conclude the court erred in determining the Landowners' properties were subject to Henry Hill Oil's construction liens. We reverse the judgment and remand for a determination of the Landowners' costs and attorney's fees.

I

[¶2]   Landowners own real property in Williams County. In 2017 and 2018, the Landowners executed water pipeline easements with RWS Holdings, LLC. The agreements granted RWS Holdings 75-foot-wide temporary easements for constructing a water pipeline and related facilities across and under the Landowners' properties. The agreements granted RWS Holdings 30-foot-wide permanent pipeline easements on the properties. The temporary easements expired upon completion of the water pipelines.

[¶3]   The Talley-Gochnour Defendants also granted RWS Holdings an easement for constructing a freshwater reservoir on their property. The easement term was 20 years or "until Grantee permanently removes" the reservoir from the property. Lane Knudsen and RWS Holdings executed a 10-year Water Agreement and Memorandum of Understanding. Knudsen granted RWS Holdings the right to access his property to install "equipment deemed necessary for the purposes of capturing, transporting and using water."

[¶4]   RWS Holdings hired Regional Water Service, LLC, which then hired Henry Hill Oil, to construct water reservoirs on the properties. Henry Hill Oil worked on the Landowners' properties from June 2018 to October 2018. Henry Hill Oil recorded construction liens against the Landowners' properties after it was not paid for its work. In May 2019, Henry Hill Oil sued Regional Water

Service for breach of contract. In October 2019, Henry Hill Oil sued the Landowners to enforce the construction liens.

[¶5] All parties moved for summary judgment. Henry Hill Oil argued it held valid construction liens against the Landowners' properties. The Landowners claimed they did not contract with Henry Hill Oil to perform work on their properties, and the liens are only effective against RWS Holdings' easement interests.

[¶6] After a hearing, the district court granted Henry Hill Oil's motions for summary judgment. The court concluded that under the construction lien statutes, N.D.C.C. ch. 35-27, the Landowners are "owners" who authorized Henry Hill Oil to work on their properties, and Henry Hill Oil's liens covered all of the Landowners' properties. The court also concluded Henry Hill Oil was entitled to its costs and attorney's fees incurred in enforcing the liens.

[¶7] The district court entered a judgment foreclosing the construction liens and awarding Henry Hill Oil $89,709.79 in costs and attorney's fees. The court also awarded Henry Hill Oil $660,228.40 in damages against Regional Water Service. The judgment against Regional Water Service is not subject to this appeal.

## II

[¶8] This Court's standard of review for summary judgments is well established:

> "Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. A party moving for summary judgment has the burden of showing there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. In determining whether summary judgment was appropriately granted, we must view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably

2

be drawn from the record. On appeal, this Court decides whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law. Whether the district court properly granted summary judgment is a question of law which we review de novo on the entire record."

*Pennington v. Cont'l Res., Inc.*, 2019 ND 228, ¶ 6, 932 N.W.2d 897 (quoting *Horob v. Zavanna, LLC*, 2016 ND 168, ¶ 8, 883 N.W.2d 855).

III

[¶9]   The Landowners argue the district court erred in granting Henry Hill Oil's motions for summary judgment. They claim the court erred in concluding they were "owners" under N.D.C.C. § 35-27-01(5) who contracted with Henry Hill Oil to improve their property. They argue the court erred in concluding under N.D.C.C. § 35-27-19 that Henry Hill Oil's liens attached to the Landowners' fee simple interests in the properties instead of only RWS Holdings' easement interests.

[¶10] Our primary goal in statutory interpretation is to determine the intent of the legislature, and we first look to the plain language of the statute and give each word of the statute its ordinary meaning. *Laufer v. Doe*, 2020 ND 159, ¶ 11, 946 N.W.2d 707; N.D.C.C. § 1-02-02. "When the wording of a statute is clear and free of all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." N.D.C.C. § 1-02-05. We presume the legislature did not intend an absurd result or unjust consequences, and we construe statutes in a practical manner, giving consideration to the context of the statutes and the purpose for which they were enacted. *Laufer*, at ¶ 11. Statutes relating to the same subject matter shall be construed together and should be harmonized, if possible, to give meaningful effect to each, without rendering either one useless. *Id.* Statutory interpretation is a question of law, fully reviewable on appeal. *Id.*

[¶11] Construction liens are authorized by N.D.C.C. ch. 35-27. This case involves three statutes, N.D.C.C. §§ 35-27-02, 35-27-01(5) and 35-27-19. Under N.D.C.C. § 35-27-02, the following persons are entitled to a construction lien:

3

"Any person that improves real estate, whether under contract with the owner of such real estate or under contract with any agent, trustee, contractor, or subcontractor of the owner, has a lien upon the improvement and upon the land on which the improvement is situated or to which the improvement may be removed for the price or value of such contribution."

An "'[o]wner' means the legal or equitable owner and also every person for whose immediate use and benefit any building, erection, or improvement is made, having the capacity to contract, including guardians of minors or other persons, and including any agent, trustee, contractor, or subcontractor of such owner." N.D.C.C. § 35-27-01(5). A construction lien covers "[t]he entire land upon which any building, structure, or other improvement is situated . . . to the extent of all the right, title, and interest of the owner for whose immediate use or benefit the labor was done or materials furnished." N.D.C.C. § 35-27-19. Reading the statutes together, a person is entitled to a construction lien if they contract with an owner to improve real property. The lien covers the contracting owner's interest in the property.

[¶12] The district court concluded Henry Hill Oil's construction of water reservoirs improved the Landowners' properties. *See* N.D.C.C. §§ 35-27-01(2) and (3) (defining "improve" and "improvement"). The Landowners dispute the court's conclusion; however, determining whether Henry Hill Oil improved the Landowners' properties is not dispositive. Therefore, we assume without deciding Henry Hill Oil improved the Landowners' properties.

[¶13] The district court concluded the Landowners were "owners" as defined in N.D.C.C. § 35-27-01(5) because they were the legal owners of the properties improved by Henry Hill Oil. The court determined the easements to RWS Holdings did not transfer ownership of the properties, they only granted RWS Holdings a right to use a portion of the properties for a specific purpose. The court said the easements did not change the fact that the Landowners remained the legal owners of the fee simple interests in the properties, and concluded that the liens therefore attached to the Landowners' full property interests.

4

[¶14] The district court also concluded that through the agreements with RWS Holdings, the Landowners authorized Henry Hill Oil to work on the properties.

> "[The Landowners] do not dispute that RWS Holdings hired Regional Water Service to commence the construction of certain water pipelines and reservoirs on [their properties], nor do they dispute that Regional Water Service in turn made Henry Hill its subcontractor. *See* N.D.C.C. § 35-27-01(7) (defining subcontractor as 'all persons contributing any skill, labor, or materials to the improvement except such as have contracts therefor directly with the owner'). Accordingly, [the Landowners] authorized Henry Hill to work on [their properties]."

[¶15] Under N.D.C.C. § 35-27-01(5), an "owner" is the "legal or equitable owner and also every person for whose immediate use and benefit any . . . improvement is made, having the capacity to contract, . . . and including any agent, trustee, contractor, or subcontractor of such owner." The easements granted RWS Holdings limited possessory rights within defined areas of the Landowners' properties. The easements did not grant RWS Holdings authority to contract on behalf of the Landowners. Although the Landowners hold fee title to the properties, Henry Hill Oil has cited no easement language or legal authority supporting its claim RWS Holdings became the Landowners' agent or trustee through the easement agreements.

[¶16] Henry Hill Oil made the improvements for the immediate use and benefit of RWS Holdings but not to the Landowners' properties generally. As the easement owner, RWS Holdings had the capacity to contract for the improvements relating to the easements. RWS Holdings contracted with Regional Water Service, and Regional Water Service contracted with Henry Hill Oil. Under N.D.C.C. § 35-27-01(7), Henry Hill Oil was a subcontractor of RWS Holdings, not the Landowners.

[¶17] Here, the district court erred in concluding the Landowners are "owners" under N.D.C.C. § 35-27-01(5) by interpreting the definition of "owner" too broadly. The easements did not grant RWS Holdings the authority to act as the Landowners' agent. The Landowners did not become guarantors of RWS Holdings by executing the easements. To conclude otherwise would expose

5

easement-granting landowners to untold liability for utility, roadway or other projects knowingly constructed on or across their property.

[¶18] A construction lien covers "[t]he entire land upon which any . . . improvement is situated . . . to the extent of all the right, title, and interest of the owner for whose immediate use or benefit the labor was done or materials furnished." N.D.C.C. § 35-27-19. Henry Hill Oil improved the properties for the immediate use and benefit of RWS Holdings, the owner of the easements. Thus, assuming Henry Hill Oil otherwise was entitled to construction liens for its work, the liens would only cover RWS Holdings' easement interests. The district court erred in concluding Henry Hill Oil's liens covered all of the Landowners' properties.

[¶19] Henry Hill Oil does not have valid construction liens against the Landowners' properties. We reverse the portion of the district court's judgment foreclosing Henry Hill Oil's construction liens against the Landowners' properties, and remand for entry of judgment in favor of the Landowners.

IV

[¶20] The Landowners claim the district court erred by awarding Henry Hill Oil its attorney's fees. They contend the court misapplied N.D.C.C. § 35-27-24.1, dealing with costs and attorney's fees. We agree.

[¶21] Under N.D.C.C. § 35-27-24.1, "Any owner that successfully contests the validity or accuracy of a construction lien by any action in district court must be awarded the full amount of all costs and reasonable attorney's fees incurred by the owner."

[¶22] The district court concluded N.D.C.C. § 35-27-24.1 was ambiguous.

> "First, in reviewing the plain language used in N.D.C.C. § 35-27-24.1, the Court finds that this statute is broad by nature, including phrases such as 'any owner,' and 'any action.' Second, the Court finds that in an action to foreclose on a construction lien, as in this present matter, the contractor must defend the validity or

6

accuracy of its construction lien, and N.D.C.C. § 35-27-24.1 is meant to apply in 'any actions' to do the same."

The court also acknowledged the remedial nature of N.D.C.C. ch. 35-27 and its purpose to protect those who improve real estate. *See Nesdahl Surveying & Eng'g, P.C. v. Ackerland Corp.*, 507 N.W.2d 686, 689 (N.D. 1993) (stating the construction lien laws "should be liberally construed to effectuate its purpose," which is "to protect those persons who improve real estate by the contribution of labor, skill, or materials").

[¶23] The district court misconstrued N.D.C.C. § 35-27-24.1 in awarding Henry Hill Oil its costs and attorney's fees. The statute is not ambiguous about which party can recover costs and attorney's fees. The plain language provides that only an owner (or in this case, one claimed to be an owner) may be awarded attorney's fees for successfully contesting a construction lien. The statute does not allow a contractor to recover its costs and attorney's fees for successfully enforcing a construction lien. Henry Hill Oil is not an "owner" under N.D.C.C. § 35-27-01(5). Henry Hill Oil sued the Landowners to enforce its liens, and did not contest the validity or accuracy of its own liens.

[¶24] The Landowners successfully contested the validity of Henry Hill Oil's construction liens. The district court erred in awarding Henry Hill Oil its costs and attorney's fees. We reverse that part of the judgment awarding Henry Hill Oil its costs and attorney's fees, and remand for a determination of the Landowners' costs and attorney's fees for successfully contesting the validity of Henry Hill Oil's construction liens. *See Northern Excavating Co. v. Sisters of Mary of the Presentation Long Term Care*, 2012 ND 78, ¶ 11, 815 N.W.2d 280 (holding that under N.D.C.C. § 35-27-24.1, "a party who successfully contests the accuracy or validity of a construction lien is limited to recovering only those costs and fees reasonably expended contesting the lien").

V

[¶25] The parties' remaining arguments have been considered and are either without merit or not necessary to our decision. The judgment is reversed and the case is remanded.

[¶26] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr