# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 131

Fritz Opp,                                                    Petitioner and Appellant

v.

Office of the North Dakota
Attorney General - BCI CWL
Unit and Office of the North
Dakota Attorney General,                          Respondents and Appellees

## No. 20220332

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bruce A. Romanick, Judge.

AFFIRMED AS MODIFIED.

Opinion of the Court by McEvers, Justice, in which Chief Justice Jensen and Justices Crothers and Tufte joined. Justice Bahr filed an opinion specially concurring.

DeWayne A. Johnston, Grand Forks, ND, for petitioner and appellant.

Matthew A. Sagsveen, Assistant Attorney General, Bismarck, ND, for respondents and appellees.

**McEvers, Justice.**

[¶1]   Fritz Opp appeals from a dismissal judgment entered by the district court after he attempted to appeal from a Bureau of Criminal Investigation ("BCI") decision denying his application for a concealed weapons license under N.D.C.C. ch. 62.1-04. The court held it lacked subject matter jurisdiction because Opp had not complied with the requirements for perfecting an appeal under the Administrative Agencies Practice Act, N.D.C.C. ch. 28-32 ("AAPA"). We affirm as modified.

I

[¶2]   The jurisdictional facts are undisputed. BCI issued Opp a letter denying his application for a concealed weapons license on grounds that he had been convicted of an offense involving moral turpitude. Opp filed a "Petition of Appeal to the District Court," which included specifications of error, and noted the appeal was taken "pursuant to N.D.C.C. § 28-32-42." Opp attempted to serve the Attorney General with his petition via email but inadvertently attached documents from an unrelated matter. Upon receipt of Opp's email, the Attorney General's office advised Opp: "It is not clear why these records were sent to this office. Accordingly, we cannot take any further action until we receive clarification." Opp's counsel emailed the following response: "This is a District Court Review of a CWL Application. Attached is the Notice of filing and case assignment." Opp's petition and specifications of error were not included with the response.

[¶3]   The Attorney General moved to dismiss for lack of subject matter jurisdiction arguing Opp had not complied with the requirements for perfecting an appeal under N.D.C.C. § 28-32-42(4) of the AAPA by failing to serve a notice of appeal and specifications of error on the Office of the Attorney General. Opp responded arguing the AAPA did not apply because the law authorizing BCI to grant or deny concealed weapons licenses, N.D.C.C. ch. 62.1-04, does not refer

to the AAPA. Opp alternatively argued that any timing requirements should be subject to equitable tolling.

[¶4] After a hearing, the district court granted the Attorney General's motion to dismiss. The court held the AAPA applies to N.D.C.C. ch. 62.1-04 by virtue of language referencing the AAPA found in N.D. Admin. Code § 10-12-01-10. The court concluded it lacked subject matter jurisdiction because Opp did not serve a notice of appeal and specifications of error on the Attorney General within 30 days as required by the AAPA. *See* N.D.C.C. § 28-32-42. Opp appeals arguing the AAPA does not apply and consequently there are no time limits for perfecting an appeal under N.D.C.C. ch. 62.1-04 or, alternatively, any applicable deadlines should be extended under the doctrine of equitable tolling.

II

[¶5] Article VI, § 8 of the North Dakota Constitution vests the district court with "appellate jurisdiction as may be provided by law or by rule of the supreme court." *See also City of Casselton v. N.D. Pub. Serv. Comm'n*, 307 N.W.2d 849, 851 (N.D. 1981) ("[T]he district court exercises appellate jurisdiction conferred upon it by statute."). The district courts of this state have: "Jurisdiction of appeals from . . . the determinations of inferior officers, boards, or tribunals, in the cases and pursuant to the regulations as may be prescribed by law." N.D.C.C. § 27-05-06(4). "[T]he judicial and legislative branches share authority when establishing the procedure for the appellate jurisdiction of the district court." *City of Williston v. Werkmeister*, 2015 ND 172, ¶ 10, 865 N.W.2d 429 (quoting *City of Fargo v. Komad*, 2006 ND 177, ¶ 10, 720 N.W.2d 619). A party invoking the district court's appellate jurisdiction must satisfy the statutory requirements for perfecting an appeal. *Altru Specialty Servs., Inc. v. N.D. Dep't of Human Servs.*, 2017 ND 270, ¶ 8, 903 N.W.2d 721. "The statutory requirements for filing and serving a notice of appeal from an agency order are jurisdictional." *Id.* If an appeal is not properly perfected, the district court lacks subject matter jurisdiction and the appeal must be dismissed. *Benson v. Workforce Safety & Ins.*, 2003 ND 193, ¶ 6, 672 N.W.2d 640.

[¶6] Under N.D.C.C. § 62.1-04-03(8), an applicant for a concealed weapons license "may appeal a denial or revocation of this license to the district court of

Burleigh County." Chapter 62.1-04 does not specify a method for taking the appeal. It states: "The attorney general may adopt any rules necessary to implement this title." N.D.C.C. § 62.1-04-03(10). The Attorney General has adopted regulations allowing an applicant who is denied a concealed weapons license to petition for rehearing and reconsideration under N.D.C.C. § 28-32-40 and to appeal to the district court of Burleigh County under N.D.C.C. § 28-32-42. *See* N.D. Admin. Code § 10-12-01-10. Section 28-32-42, N.D.C.C., provides in pertinent part:

1. Any party to any proceeding heard by an administrative agency, except when the order of the administrative agency is declared final by any other statute, may appeal from the order within thirty days after notice of the order has been given as required by section 28-32-39. If a reconsideration has been requested as provided in section 28-32-40, the party may appeal within thirty days after notice of the final determination upon reconsideration has been given as required by sections 28-32-39 and 28-32-40. If an agency does not dispose of a petition for reconsideration within thirty days after the filing of the petition, the agency is deemed to have made a final determination upon which an appeal may be taken.

    . . .

3. a. The appeal of an order may be taken *to the district court designated by law*, and if none is designated, then to the district court of the county in which the hearing or a part thereof was held. If the administrative proceeding was disposed of informally, or *for some other reason no hearing was held*, an appeal may be taken to the district court of Burleigh County. Only final orders are appealable. A procedural order made by an administrative agency while a proceeding is pending before it is not a final order.

(Emphasis added.)

[¶7] As an initial matter, we note Opp has not argued the denial of his application was not a final order, and there is no indication in the record that

3

Opp sought a hearing, petitioned for reconsideration under N.D.C.C. § 28-32-40, or requested any other relief from the Attorney General after receiving the denial letter. Based on Opp's petition of appeal, which expressly states it is made "pursuant to N.D.C.C. § 28-32-42," it appears Opp attempted an immediate appeal to the district court from the denial of his application. The party appealing to district court has the burden to show the district court has jurisdiction. *See Boyko v. N.D.'s Workmen's Comp. Bureau,* 409 N.W.2d 638, 640 (N.D. 1987) (discussing a claimant under workers' compensation statute had the burden to show the court has jurisdiction when appealing).

[¶8] Despite Opp's reliance on N.D.C.C. § 28-32-42 in his petition, he now claims it cannot apply to his appeal because the AAPA is not explicitly referenced in N.D.C.C. ch. 62.1-04. Opp's argument relies on statutory provisions in various titles that allow for appeals to the district court and explicitly refer to the AAPA or chapter 28-32. Opp's reliance on statutory references where the legislature has specifically referenced the AAPA when discussing the right to appeal is misplaced. Such a reference is unnecessary because the definition of an administrative agency does not require an express statutory grant of a right to review. *Hammond v. N.D. State Pers. Bd.,* 332 N.W.2d 244, 248 (N.D. 1983).

[¶9] Opp also argues section 62.1-04-03(8) allows for appeals to the district court of Burleigh County without any time requirements or limitation. Because chapter 62.1-04 expresses no limitations for appealing a decision denying a concealed weapons permit, Opp contends the Office of the Attorney General exceeded its rule-making authority by adopting N.D. Admin. Code § 10-12-01-10, which adopts the timing requirements of N.D.C.C. § 28-32-42. As Opp admits, his reading would allow appeals to be taken years after decisions were made, after circumstances have changed, and after governing laws and rules may have been revised or repealed. As we explain below, we reject Opp's reading of the laws at issue.

[¶10] We make every effort to "harmonize and give meaningful effect" to statutes that relate to the same subject matter. *State v. Marcum*, 2020 ND 50, ¶ 21, 939 N.W.2d 840. We read words in a statute based on their plain, ordinary,

4

and commonly understood meaning. *Bell v. State*, 2022 ND 222, ¶ 8, 982 N.W.2d 589; *see also* N.D.C.C. § 1-02-02. "We interpret statutes in context to give meaning and effect to every word, phrase, and sentence in a statute." *Guthmiller v. N.D. Dep't of Transp.*, 2018 ND 9, ¶ 8, 906 N.W.2d 73 (quoting *Doyle v. Sprynczynatyk*, 2001 ND 8, ¶ 10, 621 N.W.2d 353). We presume the legislature intended a just and reasonable result when enacting a statute, *see* N.D.C.C. § 1-02-38(3), and we avoid interpreting statutes in a manner that would create an absurd or illogical result, *State v. Stegall*, 2013 ND 49, ¶ 16, 828 N.W.2d 526. It is not reasonable to expect an appeal may be taken at any time without limitation.

[¶11] Opp argues N.D. Admin. Code § 10-12-01-10 is inconsistent with the statutory framework for appeals under N.D.C.C. ch. 62.1-04. A regulation which exceeds statutory authority or conflicts with the statute that it implements is void. *State ex rel. Clayburgh v. Am. W. Cmty. Promotions, Inc.*, 2002 ND 98, ¶ 13, 645 N.W.2d 196. Section 10-12-01-10 requires an appeal from the denial of a concealed weapons license to be taken to the district court under N.D.C.C. § 28-32-42. In promulgating section 10-12-01-10, the Attorney General provided some guidance of the procedure for appealing BCI's denial of an application for a concealed weapons license. In doing so, the Attorney General complied with the statutory mandate to adopt rules to implement title 62.1 on concealed weapons. *See* N.D.C.C. § 62.1-04-03(10). The language of N.D.C.C. § 28-32-42(3)(a) recognizes the legislature may designate a specific district court has appellate jurisdiction to hear an appeal, and in this instance N.D.C.C. § 62.1-04-03(8) requires an appeal be taken to the district court in Burleigh County. *See Boyko,* 409 N.W.2d at 641 (discussing the statutory designation conferred to district courts for filing a notice of appeal from an administrative agency as being a matter of jurisdiction, not venue). The Attorney General's promulgation of section 10-12-01-10 does not conflict with the statutory right to appeal to the district court in Burleigh County under N.D.C.C. § 62.1-04-03(8); rather, the rule restates the jurisdictional limitation designated in N.D.C.C. § 62.1-04-03(8) on where appellate review may occur as may be provided by law under N.D.C.C. § 28-32-42(3)(a).

[¶12] Regardless of the regulations adopted by the Attorney General, the AAPA applies to this appeal based on its plain language. BCI is organized under the Attorney General, and the Attorney General acts as its superintendent. *See* N.D.C.C. ch. 12-60. This Court has previously considered the process for the denial of a renewal of a concealed weapons license under N.D.C.C. ch. 62.1-04 to fall under the AAPA. *See Kasprowicz v. Finck*, 1998 ND 4, ¶¶ 14-15, 574 N.W.2d 564 (remanding for the BCI chief to exercise his discretion under N.D.C.C. § 62.1-04-03 and N.D.C.C. ch. 28-32). Opp's appeal asks the district court to review a decision by BCI, which is organized under the Office of the Attorney General, an "administrative unit of the executive branch," to deny a license to carry a concealed weapon, a "form of authorization required by law." *See* N.D.C.C. § 28-32-01(2), (7) (defining the terms "administrative agency" and "license"). By its terms, the AAPA applies to Opp's appeal.

[¶13] We reject Opp's invitation to read the reference to Burleigh County district court in section 62.1-04-03(8) as permitting appeals without limitation. Absent any apparent law to indicate otherwise, we hold Opp's appeal is governed by the AAPA. Although there was no hearing in this case as ordinarily contemplated by the AAPA, N.D.C.C. § 28-32-42(3)(a) also contemplates instances when, for some reason, no hearing is held. In addition, the relief Opp requests on appeal is for reversal of the district court's dismissal, not a hearing under the AAPA. Opp has made no argument that he was denied due process under the AAPA.

[¶14] An appeal under the AAPA may be taken by serving a notice of appeal and specifications of error on the agency within 30 days after a party has received notice of the agency's decision. N.D.C.C. § 28-32-42. Opp undisputedly did not do so, and therefore he did not satisfy the statutory requirements for perfecting his appeal. Although the district court reached the same result based on a different rationale (that the AAPA applies via N.D. Admin. Code § 10-12-01-10), we will not set aside its judgment merely because the court relied on different reasoning. *PHI Fin. Servs., Inc. v. Johnston Law Off., P.C.*, 2020 ND 22, ¶ 34, 937 N.W.2d 885. Based on this record, we agree with the district

court that it lacked subject matter jurisdiction because Opp failed to perfect his appeal under the AAPA.

## III

[¶15] Opp alternatively argues he is entitled to equitable tolling of "any deadlines accompanying the appeal." He relies on *Boechler, P.C. v. Commissioner of Internal Revenue*, 142 S.Ct. 1493, 1501 (2022), where the United States Supreme Court held a time limit to file a petition for review of an IRS decision was a "nonjurisdictional deadline subject to equitable tolling." However, unlike the timing requirement in *Boechler*, the provisions of the AAPA *are* jurisdictional. *See Altru Specialty Servs.*, 2017 ND 270, ¶ 8. "Jurisdictional requirements . . . do not allow for equitable exceptions." *Boechler*, at 1497. The doctrine of equitable tolling, which this Court has not adopted, is an exception to a statute of limitations. *Grand Forks Homes, Inc. v. State Bd. of Equalization*, 2011 ND 65, ¶ 22, 795 N.W.2d 335. Equitable tolling cannot be used to extend a statutory deadline for perfecting an appeal. *Id.* Rather, "[t]he terms of the statutes governing appeals control whether the time for taking an appeal may be tolled." *Id.*

[¶16] Opp also argues he is entitled to relief under N.D.R.Ct. 3.5(f), which allows the district court to "grant appropriate relief if electronic filing or electronic service was not completed due to technical problems." *See Inwards v. N.D. Workforce Safety & Ins.*, 2014 ND 163, ¶¶ 14-15, 851 N.W.2d 693 (affirming district court's application of Rule 3.5(f) to allow agency additional time to serve notice of appeal after attempted electronic service failed). However, it appears Opp did not move for relief under Rule 3.5(f) in the district court. *See* N.D.R.Civ.P. 7(b)(1) ("A request for a court order must be made by motion."). Nor has Opp identified any place in the record where he claimed Rule 3.5(f) applied. Opp cannot argue on appeal that the district court erred by failing to issue relief he did not seek. *See Schrodt v. Schrodt*, 2022 ND 64, ¶ 7, 971 N.W.2d 861 (issues not presented to the district court will not be addressed on appeal).

[¶17] Opp did not satisfy the requirements to perfect an appeal under N.D.C.C. § 28-32-42, which apply to his appeal and are jurisdictional. Equitable tolling cannot be applied as an exception to a statutory jurisdictional requirement. The district court correctly held it lacked subject matter jurisdiction. However, the court dismissed the matter with prejudice. A dismissal with prejudice is considered an adjudication on the merits. *Trottier v. Bird*, 2001 ND 177, ¶ 8, 635 N.W.2d 157. Absent jurisdiction, a court is powerless to do anything beyond dismissing without prejudice. *Riemers v. State*, 2006 ND 162, ¶ 10, 718 N.W.2d 566. We affirm dismissal of the action but modify the judgment to dismiss without prejudice.

[¶18] Jon J. Jensen, C.J.
     Daniel J. Crothers
     Lisa Fair McEvers
     Jerod E. Tufte

**Bahr, Justice, specially concurring.**

[¶19] I concur with the majority's conclusion the district court lacks subject matter jurisdiction over Opp's appeal because Opp did not satisfy the requirements to perfect an appeal under N.D.C.C. § 28-32-42.

[¶20] Opp's "Petition of Appeal" cites N.D.C.C. § 28-32-42, N.D.C.C. § 62.1-04-03, and N.D. Admin. Code § 10-12-01-10 as authority for his appeal. For that reason, I write separately to address application of N.D.C.C. § 62.1-04-03 and N.D. Admin. Code § 10-12-01-10. I also write separately to emphasize the majority's decision should not be read as holding an applicant for a concealed weapons license is not entitled to a hearing prior to BCI issuing a final order denying the application, and to suggest possible changes to N.D.C.C. § 62.1-04-03 and N.D. Admin. Code § 10-12-01-10.

[¶21] Section 62.1-04-03(8), N.D.C.C., provides "[t]he applicant [for a concealed weapons license] may appeal a denial or revocation of this license to the district

court of Burleigh County." Opp correctly notes N.D.C.C. ch. 62.1-04 does not address an applicant's right to an adjudicative proceeding under N.D.C.C. ch. 28-32, the Administrative Agencies Practice Act (AAPA), prior to the denial of an application for a concealed weapons license. He therefore argues the AAPA does not apply to his appeal. I agree with the majority that the AAPA applies to Opp's appeal.

[¶22] A statutory reference to the AAPA or to the right to a hearing in N.D.C.C. ch. 62.1-04 is not required for the AAPA to apply to applications for a concealed weapons license. Applicants for concealed weapons licenses are entitled to the protections of the AAPA due to the definitions of "adjudicative proceeding," "administrative agency," "license," and "order" in N.D.C.C. § 28-32-01 irrespective of whether N.D.C.C. ch. 62.1-04 specifically references the AAPA. *Hammond v. N.D. State Pers. Bd.*, 332 N.W.2d 244, 248 (N.D. 1983) ("The current definition of an administrative agency no longer requires that there be an express statutory grant of a right of review under a statute located outside the provisions of Chapter 28-32, N.D.C.C."). A statute does not have to refer to the AAPA or state an applicant has a right to a hearing for the AAPA to apply to quasi-judicial decisions of administrative agencies. For that reason, I concur with the majority that the AAPA governs Opp's appeal. Majority, at ¶¶ 8, 12-13.

[¶23] Opp further argues N.D.C.C. § 62.1-04-03(8) does not contain a time limit for perfecting an appeal, which renders his appeal timely. Section 62.1-04-03(8), without setting a time limit to perfect the appeal, designates the district court with jurisdiction to hear an appeal; N.D.C.C. § 28-32-42(1) provides the time limit to perfect an appeal from an order of an administrative agency.

[¶24] Under N.D.C.C. § 28-32-42(1), "[a]ny party to any proceeding heard by an administrative agency . . . may appeal from the order within thirty days after notice of the order has been given as required by section 28-32-39." Section 28-32-42(3)(a), N.D.C.C., provides "[t]he appeal of an order may be taken to the district court *designated by law*, and if none is designated, then to the district court of the county in which the hearing or a part thereof was held." (Emphasis added.) Section 62.1-04-03(8), N.D.C.C., provides "[t]he applicant

9

[for a concealed weapons license] may appeal a denial or revocation of this license to the district court of Burleigh County." Thus, N.D.C.C. § 62.1-04-03(8) designates the district court where an appeal of a denial of an application for a concealed weapons license may be taken under N.D.C.C. § 28-32-42. The limited language in N.D.C.C. § 62.1-04-03(8) cannot reasonably be read as an exception to the AAPA, as argued by Opp.

[¶25] We avoid interpreting statues in a manner that would create an absurd and illogical result. *Henry Hill Oil Servs. LLC v. Tufto*, 2023 ND 41, ¶ 10, 987 N.W.2d 314. Interpreting N.D.C.C. § 62.1-04-03(8) to grant a right to a direct appeal to the district court of Burleigh County would create an absurd and illogical result because a direct appeal to the district court would conflict with the AAPA and deny applicants the established protections of the AAPA. Moreover, interpreting N.D.C.C. § 62.1-04-03(8) to grant a right to a direct appeal, as distinguished from an appeal under N.D.C.C. § 28-32-42, would create an absurd and illogical result because the statue does not provide a process for the appeal, such as within what amount of time the appeal has to be taken, the standard of review, and the record on appeal. *See* Majority, at ¶ 6 ("Chapter 62.1-04 does not specify a method for taking the appeal."); Majority, at ¶ 9 (section 62.1-04-03(8) has no time requirements or limitations and "would allow appeals to be taken years after decisions were made, after circumstances have changed, and after governing laws and rules may have been revised or repealed").

[¶26] Furthermore, "[s]tatutes relating to the same subject matter shall be construed together and should be harmonized, if possible, to give meaningful effect to each, without rendering either one useless." *Henry Hill Oil*, 2023 ND 41, ¶ 10. To read the appeal language in N.D.C.C. § 62.1-04-03(8) to grant a right to a direct appeal to the district court does not harmonize N.D.C.C. § 62.1-04-03(8) with N.D.C.C. § 28-32-42 and would give no effect to the due process requirements established in the AAPA. However, concluding N.D.C.C. § 62.1-04-03(8) designates the district court where an appeal of a denial of an application for a concealed weapons license may be taken under the AAPA harmonizes N.D.C.C. § 62.1-04-03(8) with N.D.C.C. § 28-32-42 and the AAPA.

[¶27] Under N.D.C.C. § 62.1-04-03(4), BCI "is required to process the application and make a determination within sixty days of receipt of the properly completed application." The sixty-day timeline does not conflict with BCI providing an applicant the procedural protections of the AAPA. As we stated in *Singha v. N.D. State Board of Medical Examiners*, 1998 ND 42, ¶ 27, 574 N.W.2d 838, the AAPA "is flexible enough to allow the [agency] to informally deny license applications during its scheduled meetings as long as applicants are afforded subsequent procedural safeguards required by the A.A.P.A." Thus, BCI can make its determination on an application within sixty days based solely on the application as long as the applicant is subsequently afforded the procedural safeguards required by the AAPA, including the right to request a hearing.

[¶28] Section 10-12-01-10, N.D. Admin. Code, states an applicant may appeal the denial of an application of a license to the district court of Burleigh County. To read N.D. Admin. Code § 10-12-01-10 to provide an applicant a right to appeal BCI's decision without providing an applicant the opportunity for an adjudicative proceeding would be inconsistent with the AAPA, making the rule invalid. N.D.C.C. § 28-32-23 (providing "an administrative agency may adopt specific agency rules of procedure not inconsistent with this chapter"); *State ex rel. Clayburgh v. Am. W. Cmty. Promotions, Inc.*, 2002 ND 98, ¶ 13, 645 N.W.2d 196 ("A regulation which exceeds the [agency's] statutory authority or conflicts with the statute that it implements is void."); *Steele v. N.D. Workmen's Comp. Bureau*, 273 N.W.2d 692, 701 (N.D. 1978) ("A rule may not exceed statutory authority or supersede a statute."). Construing N.D. Admin. Code § 10-12-01-10 to preserve its validity, N.D. Admin. Code § 10-12-01-10 must be harmonized with N.D.C.C. ch. 28-32 by construing it to simply restate the appeal rights and jurisdiction provided in N.D.C.C. §§ 28-32-42 and 62.1-04-03(8). *Steele,* at 701 (construing administrative rule to preserve its validity by interpreting it to require Workmen's Compensation Bureau to conduct or hold a formal hearing if requested by a party aggrieved by the result of an informal hearing).

[¶29] In enacting the AAPA, the North Dakota legislature "set out the due process requirements for administrative agencies." *Steele*, 273 N.W.2d at 700-01. The AAPA generally governs due process requirements that must be followed before an administrative agency issues an order as defined in the AAPA. A significant procedural protection provided by the AAPA is the right to an adjudicative proceeding. Under N.D.C.C. § 28-32-01(1), an "'[a]djudicative proceeding' means an administrative matter resulting in an agency issuing an order *after* an opportunity for hearing is provided or required." (Emphasis added.) "At any hearing in an adjudicative proceeding, the parties shall be afforded opportunity to present evidence and to examine and cross-examine witnesses as is permitted under sections 28-32-24 and 28-32-35." N.D.C.C. § 28-32-21(2). Section 28-32-35, N.D.C.C., which addresses procedures at the hearing, provides "the person presiding at the hearing shall afford to all parties and other persons allowed to participate the opportunity to respond, present evidence and argument, conduct cross-examination, and submit rebuttal evidence, except as restricted or conditioned by a grant of intervention or by a prehearing order." *See also Singha*, 1998 ND 42, ¶ 28 ("In administrative contexts, we have held a hearing generally contemplates the presentation of evidence and testimony."). The right to a hearing is a significant procedural protection in the AAPA. *See Id.* at ¶ 27 ("The statutory scheme of the A.A.P.A. generally contemplates formal hearing procedures for deciding matters before an agency."); *Steele,* at 701 (explaining a formal evidentiary hearing is required under the AAPA "unless the parties either agree otherwise or there is no dispute of a material fact").

[¶30] As noted by the majority, "there was no hearing in this case as ordinarily contemplated by the AAPA." Majority, at ¶ 13. Opp's "Petition of Appeal" to the district court states: "In a letter from Casey Miller, Chief Agent, North Dakota Bureau of Criminal Investigation dated April 20, 2022, Fritz Opp was notified that he was not going to be issued a Class 1 North Dakota Concealed Weapon License." Neither party filed a copy of the April 20, 2022 letter with the court. Thus, the record does not show whether BCI provided Opp an opportunity for a hearing as required by the AAPA. I agree with the majority's decision not to

address this issue because Opp did not raise this issue on appeal, and because Opp's notice of appeal and specifications of error were untimely. However, as noted earlier, I write separately to emphasize the majority's decision should not be read as holding an applicant for a concealed weapons license is not entitled to a hearing prior to BCI issuing a final order denying the application.

[¶31] Based on the limited record, it appears BCI issued an initial determination based on Opp's application. However, under the AAPA, BCI was required to provide Opp an opportunity for a hearing *prior to* issuing a final order denying his application. N.D.C.C. § 28-32-01(1) ("'Adjudicative proceeding' means an administrative matter resulting in an agency issuing an order *after* an opportunity for hearing is provided or required." (emphasis added)); *Singha,* 1998 ND 42, ¶¶ 30, 32 (remanding "the case to the Board for proceedings consistent with the requirements of the A.A.P.A." because the Board denied Singha's application "without complying with the procedural formalities required by the A.A.P.A."); *Steele,* 273 N.W.2d at 701 ("We are not ruling out the use of an informal hearing (a non-evidentiary hearing) for making an initial determination provided the Bureau will afford the claimant a formal hearing (an evidentiary hearing) upon request if a dispute of a material fact exists, as contemplated by the due process requirements set out by the legislature in Ch. 28-32, NDCC.").

[¶32] The majority correctly notes "there is no indication in the record that Opp sought a hearing[.]" Majority, at ¶ 7. However, nothing in the record indicates BCI notified Opp of his right to request a hearing. *See Steele,* 273 N.W.2d at 700 (distinguishing a case where claimant "was notified of his right to seek reconsideration which would ultimately lead to an evidentiary hearing but elected to treat the decision as final and appealed to the court"). Further, neither N.D.C.C. ch. 62.1-04 nor N.D. Admin. Code ch. 10-12-01 informed Opp he could request a hearing. Rather, N.D.C.C. § 62.1-04-03(8) and N.D. Admin. Code § 10-12-01-10 only provide Opp could appeal to the district court of Burleigh County. Therefore, arguably Opp justifiably believed his only remedy was to appeal BCI's letter to the district court of Burleigh County.

13

[¶33] To avoid any possible confusion created by N.D. Admin. Code § 10-12-01-10 as currently promulgated, the Attorney General may consider amending N.D. Admin. Code ch. 10-12-01 to specifically identify applicants' right to a hearing under the AAPA and the process and timeline to request a hearing. If it is not already doing so, BCI may consider specifically notifying applicants of their right to request a hearing in its initial letter notifying applicants of the denial of their application.

[¶34] The legislature may consider amending N.D.C.C. § 62.1-04-03 to specifically reference applicants' right to a hearing under the AAPA. *See, e.g.*, N.D.C.C. §§ 38-14.2-15, 43-02.2-10, 43-03-20, 43-10-23; 43-13-22; 43-23-11.1(2); 43-30-13; 43-31-11; 57-60-11. Alternatively, if the legislature intends N.D.C.C. § 62.1-04-03(8) to grant a right to a direct appeal to the district court of Burleigh County, exempting applications for a concealed weapons license from the procedural requirements of the AAPA, it may consider clearly and explicitly doing so. It may also consider establishing the requirements and process for the direct appeal, such as any timelines for the appeal to be taken, the standard of review, and the record on appeal. *See, e.g.,* N.D.C.C. § 2-04-11.

[¶35] Douglas A. Bahr