FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
NOVEMBER 24, 2023
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 221

State of North Dakota,

Plaintiff and Appellee

v.

Eli Lawrence Richter,

Defendant and Appellant

## No. 20230124

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable Lolita G. Hartl Romanick, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Ashlei A. Neufeld, Assistant State's Attorney, Grand Forks, ND, for plaintiff and appellee; submitted on brief.

Paul C. Murphy, Carrington, ND, for defendant and appellant; submitted on brief.

# State v. Richter
## No. 20230124

**Crothers, Justice.**

[¶1]   Eli Richter appeals from an order deferring imposition of a sentence imposed after a jury found him guilty of unlawful use of an operator's license. We affirm, concluding N.D.C.C. § 39-06-40 makes it a crime to display a fictitious license.

I

[¶2]   The State charged Richter with unlawful use of a license alleging he showed a counterfeit Minnesota driver's license to a police officer in Grand Forks. At trial, the officer testified the "license was nonexistent or it was never issued through any state." At the close of the State's case, Richter moved for acquittal arguing:

> "We would make a motion for directed verdict in the fact that in the definition [of 'operator's license'] it states, an operator's license is issued under or granted by the laws of this state. The ID that was taken from Mr. Richter is not issued under the laws of this state. It does not meet the definition, Your Honor."

The district court denied Richter's motion, and the jury found him guilty. Richter appeals from an order deferring imposition of the court's sentence. The order is appealable because it complies with the N.D.R.Crim.P. 32(b) requirements for criminal judgments. *See State v. Vollrath*, 2018 ND 269, ¶ 5, 920 N.W.2d 746; *see also* N.D.C.C. § 29-28-06 (providing for criminal appeals); N.D.C.C. § 12.1-32-02(4) ("An order deferring imposition of sentence is reviewable upon appeal from a verdict or judgment.").

II

[¶3]   Richter argues N.D.C.C. § 39-06-40 does not criminalize his act of displaying a counterfeit driver's license. We apply the following principles when interpreting the language of a statute:

> "We make every effort to harmonize and give meaningful effect to statutes that relate to the same subject matter. We read words in a statute based on their plain, ordinary, and commonly understood meaning. We interpret statutes in context to give meaning and effect to every word, phrase, and sentence in a statute. We presume the legislature intended a just and reasonable result when enacting a statute, and we avoid interpreting statutes in a manner that would create an absurd or illogical result."

*Opp v. Off. of N.D. Att'y Gen.-BCI CWL Unit*, 2023 ND 131, ¶ 10, 993 N.W.2d 498 (cleaned up).

[¶4]   Under N.D.C.C. § 39-06-40(a), it is a crime for an individual:

> "To display or cause or permit to be displayed or have in possession any canceled, revoked, fictitious, or fraudulently altered operator's license or nondriver photo identification card[.]"

The term "operator's license" is defined by N.D.C.C. § 39-01-01(56) to mean a license "to operate a motor vehicle issued under, or granted by, the laws of this State, including . . . [a]ny nonresident's operating privilege . . . ." North Dakota grants non-residents driving privileges if they have a valid license issued by their home state or country. *See* N.D.C.C. § 39-06-02(b).

[¶5]   Richter admits the license he showed law enforcement was not issued or granted by law. He argues the license the State proved he displayed, a counterfeit Minnesota driver's license, does not meet the statutory definition of "operator's license" and therefore the State failed to satisfy its burden at trial. We agree the definition of "operator's license" does not describe a counterfeit driver's license. Richter's argument disregards the word "fictitious" in N.D.C.C. § 39-06-40, which makes it a crime to "display . . . any . . . fictitious . . . operator's license . . . ." The word "fictitious" describes something that is not real. *See Fictitious*, *Black's Law Dictionary* (11th ed. 2019) (defining "fictitious" as "[o]f, relating to, or involving a fiction, esp. a legal fiction"). It is an adjective that modifies the term "operator's license" as that term is statutorily defined. *See* N.D.C.C. § 1-02-03 ("Words and phrases must be construed according to the context and the rules of grammar and the approved usage of the language."). Displaying a fictitious operator's license—in this case

2

a counterfeit Minnesota driver's license—is a punishable offense under N.D.C.C. § 39-06-40.

III

[¶6]   The order deferring imposition of sentence is affirmed.

[¶7]   Jon J. Jensen, C.J.
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte
      Douglas A. Bahr